Sherri LEMON, on behalf of herself and all others similarly situated, Appellant–Plaintiff,

v.

WISHARD HEALTH SERVICES, Appellee–Defendant.

No. 49A02–0804–CV–344.

Court of Appeals of Indiana.

March 9, 2009.

Rehearing Denied May 7, 2009.

Ronald E. Weldy, Weldy & Associates, Indianapolis, IN, Attorney for Appellant.

Tami A. Earnhart, Brian J. Paul, Ice Miller LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff Sherri Lemon, on behalf of herself and all others similarly situated, appeals the trial court's order denying her motion for class certification. Lemon argues that the trial court erred by concluding that potential class members are required to submit their wage claims to the Indiana Department of Labor (DOL) before they are permitted to be members of a class action seeking penalties for the late payment of wages pursuant to the Wage Claims Act.[1] Finding no error, we affirm.

### FACTS

Lemon was employed by appellee-defendant Wishard Health Services (Wishard) until she was involuntarily terminated on February 1, 2007. Lemon's next regular payday would have been February 15, 2007. Although Wishard paid Lemon her last regular wages on that date, Wishard did not pay Lemon her accumulated sick pay and paid time off until March 1, 2007.

Subsequently, Lemon's attorney sought a referral letter from the DOL granting permission to file a lawsuit under the Wage Claims Act. The DOL issued the referral letter shortly thereafter. Neither Lemon's letter requesting a referral letter nor the referral letter itself mentioned widespread wage claim violations at Wishard—Lemon's claim was the only claim mentioned in either letter.

1. Ind.Code § 22–2–9–1 et seq.

On April 12, 2007, Lemon filed a putative class action lawsuit, claiming that Wishard had failed to pay her and at least 100 other involuntarily separated former Wishard employees in a timely fashion as required by the Wage Claims Statute. In September 2007, Lemon moved for class certification. By November 19, 2007, Lemon claimed that there were approximately 250 individuals who fit her proposed class definition, none of whom had requested a referral letter from the DOL. On January 29, 2008, the trial court summarily denied Lemon's request for class certification. Since that time, at least thirty-three putative class members have settled with Wishard and another fourteen have filed separate lawsuits, but Lemon insists that approximately 250 individuals continue to have active claims.

The trial court granted Lemon's request to certify the order for interlocutory appeal. This court accepted jurisdiction on May 20, 2008. Lemon now appeals.

## DISCUSSION AND DECISION [2]

### I. Standard of Review

 Generally, a trial court's denial of class certification is reviewed for an abuse of discretion. *Associated Med. Networks, Ltd. v. Lewis*, 824 N.E.2d 679, 682 (Ind. 2005). If substantial evidence supports the trial court's exercise of discretion, we will affirm. *Id.* We may affirm on any

---

2. Wishard filed a motion to strike Lemon's reply brief. Contemporaneously with this opinion, we are entering an order granting that motion:

 the appellant filed her opening brief on September 26, 2008, and on that same day, she filed a motion requesting leave to rely on an affidavit—her own lawyer's—that was not in the record in support of a futility argument she had not made below, notwithstanding the fact that she had already cited the affidavit as evidence in her brief. On October 14, 2008, the appellee moved to strike the appellant's brief. On October 28, 2008, the appellant filed a second motion, this time requesting to supplement the record with a deposition taken in an entirely separate, unrelated case, also to be used as support for the futility argument. On December 2, 2008, the motions panel of this court denied the appellant's motions, struck her brief, and ordered her to file a new brief containing no references to the futility argument. She complied.

 In the reply brief, however, counsel returned to the futility argument and cited the unrelated deposition in support. Appellant's counsel even cites the deposition in support of an argument that Wishard's counsel was somehow dishonest for explaining the meaning of a relevant statute.[FN] We find counsel's accusation of dishonesty to reflect a lack of professionalism. Even more indefensible are counsel's decisions to assert an argument not made to the trial court and to rely on information not in the record—in direct violation of our previous order.

 [FN] Lemon's attorney has been warned in the past about making such incendiary—and unhelpful—statements. *See Mitchell v. Universal Solutions of N.C., Inc.*, 853 N.E.2d 953, 960 n. 2 (Ind.Ct.App.2006) (reprimanding counsel for an "inappropriate tone" and "lack of professionalism" and warning against future " 'belligerence or theatrics' ") (quoting *WorldCom Network Serv., Inc. v. Thompson*, 698 N.E.2d 1233, 1237 (Ind.Ct.App.1998)).

 As an aside, we considered awarding the appellee its attorney fees incurred in preparing the motion to strike. Inasmuch as that would require a remand to the trial court for a calculation of reasonable fees incurred, however, and given that the motion to strike was relatively brief, we concluded that Wishard's attorneys would, in all likelihood, end up spending more preparing for a fee hearing than they would have been awarded at the end of that hearing. We caution Lemon's counsel, however, that if this type of behavior reoccurs in the future, we will not hesitate to exercise our authority pursuant to Appellate Rule 66(E) and make a sua sponte decision to award appellate attorney fees to the opposing party.

 Ultimately, therefore, we have granted Wishard's motion to strike Lemon's reply brief.

legal theory supported by the evidence. *7–Eleven, Inc. v. Bowens,* 857 N.E.2d 382, 393 (Ind.Ct.App.2006). Where, however, resolution of an appeal turns on statutory interpretation, we are faced with a question of law that we review de novo. *Budden v. Bd. of Sch. Comm'rs,* 698 N.E.2d 1157, 1160 (Ind.1998).

## II. Wage Claims Act

■ The Wage Claims Act applies to employees who have been involuntarily separated from their employment. I.C. § 22–2–9–2(a). "Claimants who proceed under [the Wage Claims Act] may not file a complaint with the trial court." *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele,* 766 N.E.2d 699, 705 (Ind.2002); *see also Naugle v. Beech Grove City Schs.,* 864 N.E.2d 1058, 1061 n. 1 (Ind.2007) (observing that, while Wage Payment Act claimants may proceed by filing a complaint, "the Wage Claims Statute *requires* that a wage claim be submitted to the [DOL] for administrative enforcement" and holding that, "[b]ecause no administrative proceedings have been pursued, the plaintiffs' contentions under the Wage Claims Act are not before us") (emphasis added).[3] Instead, the claim is submitted to the DOL. *Id.* The DOL's responsibility is described as follows:

(a) It shall be the duty of the commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter. The commissioner of labor may hold hearings to satisfy himself as to the justice of any claim, and he shall cooperate with any employee in the enforcement of any claim against his employer in any case whenever, in his opinion, the claim is just and valid.

(b) *The commissioner of labor may refer claims for wages under this chapter to the attorney general, and the attorney general may initiate civil actions on behalf of the claimant or may refer the claim to any attorney admitted to the practice of law in Indiana.* The provisions of IC 22–2–5–2 apply to civil actions initiated under this subsection by the attorney general or his designee.

I.C. § 22–2–9–4 (emphasis added). Indiana Code section 22–2–5–2 is the statute providing for penalties and attorney fees—the only damages at issue herein, inasmuch as Wishard has already paid the putative class members their wages—and the plain language of section 22–2–9–4 states that only "the attorney general or his designee" may seek those damages. I.C. § 22–2–9–4(b). To become the "designee" of the attorney general, a claimant—or, more specifically, his or her attorney—must obtain a letter of referral. *Id.*

It is evident that the Wage Claims Act contemplates that a claimant *must* approach the DOL before he or she is entitled to file a lawsuit in court to seek unpaid wages or penalties. The DOL is then

**3.** Although "[t]here is absolutely no doubt in the mind of [Lemon's attorney] that the *Naugle* case had nothing to do with the Wage Claims Statute" and our Supreme Court's discussion of the issue was thereby dicta, we cannot agree. Reply Br. p. 8. The resolution of the issue was a substantive one, inasmuch as it resulted in the Court's refusal to hear the plaintiffs' Wage Claims Act arguments. Furthermore, the *Naugle* analysis is consistent with the language of the statute and every other court that has had occasion to consider the issue. *E.g., St. Vincent,* 766 N.E.2d at 705; *E & L Rental Equip., Inc. v. Bresland,* 782 N.E.2d 1068, 1070 (Ind.Ct.App.2003). Therefore, we cannot dismiss this conclusion as mere dicta—and even if it were dicta, we believe it to be correct.

entitled to investigate the claim and refer the claim to the Attorney General, who may either institute an action on the claimant's behalf or refer the claim to an attorney. Here, it is undisputed that Lemon complied with these statutory provisions. It is also undisputed that the other putative class members have not.

The only question, therefore, is whether the act of seeking class certification somehow enables the putative class members to avoid compliance with the statute. The Wage Claims Act contemplates an individualized review of each claim, and the result of that review may be the DOL choosing to pursue the claim itself or the DOL referring the claim to the Attorney General, who may either pursue the claim or refer the claim to a private attorney. I.C. § 22–2–9–4. We are not persuaded that permitting one individual's claim to serve as a stand-in for hundreds of others is an adequate substitute for this individualized review provided for by the statute.

In support of her argument that the putative class members need not comply with the statute, Lemon refers us to *Budden*, wherein our Supreme Court considered a request for class certification on a complaint under the Indiana Tort Claims Act. 698 N.E.2d 1157. Before filing a complaint under the Tort Claims Act, a claimant is required to provide written notice of the claim to the proper governing body within 180 days after the loss occurred. *Id.* at 1160–61. In *Budden*, the putative class representative complied with the notice requirement but the other putative class members did not. Our Supreme Court closely examined the language and purpose of the notice provision in the Tort Claims Act, observing that "[t]he availability of a claim by a named plaintiff on behalf of a class is consistent with the language of the Act and also supported by provisions that do not appear." *Id.* at 1162. The court further explained its reasoning:

The defendants contend that if the statute is read to permit a class action, some class members will in effect be allowed to bypass the notice requirement. That may be correct, but the Act is intended to give the political subdivision notice, not to create barriers to claims. As other courts have observed, the class action "by its very nature circumvents the need for individual plaintiffs to file individual claims."

Finally, a notice of the type given here serves the basic purpose of the Act to inform the political subdivision of the claim it faces. The plaintiffs' notice outlined in a "short and plain statement" the circumstances, extent, time, and place of the loss; the names of the persons the plaintiffs knew to be involved; the amount of damages sought; and the residence of the person (in this case three people) making the claim. Because the statute required no more, we hold that the Act is no impediment to a class action here.

*Id.* at 1163 (quoting *Zayas v. Gregg Appliances, Inc.*, 676 N.E.2d 365, 367 (Ind.Ct. App.1997) (internal citations and footnote omitted)).

We find the situation at hand to be distinguishable from *Budden*—or, more accurately, we find the Wage Claims Act to be distinguishable from the Tort Claims Act notice provision. As the *Budden* court noted, the purpose of the notice provision was to inform the political subdivision of the claim it faces, not to create barriers to claims. *Id.* Thus, that purpose was satisfied by the putative class representative's notice. The purpose of Indiana Code section 22–2–9–4, however, is to create a barrier to claims to be filed in court. The statute makes it clear that a claim must work its way through the proper channels—the DOL and, if need be, the Attorney General—before it may be brought into court. Under these circumstances, we

cannot conclude that the purpose of the Wage Claims Act is satisfied by permitting a putative class representative's claim to act as a proxy for the claims of the putative class members.

Additionally, we note that the DOL is authorized to join claimants as it sees fit. Indiana Code section 22–2–9–5(b) provides that "[t]he [DOL] commissioner shall have power to join various claimants in one (1) preferred claim or lien, and, in case of suit, to join them in one (1) cause of action." Had the DOL been afforded the opportunity to take that course of action, it could have investigated the claims on a class-wide basis. Thus, we do not find Lemon's claim that requiring each individual in a class to go through the DOL renders a class action per se impractical.[4]

Lemon argues that, even if putative class members need a letter of referral to proceed with their respective claims, they could obtain those letters after the lawsuit was filed. As noted above, however, the plain language of the Wage Claims Act requires that the letter be obtained—and the administrative process followed—*before* the lawsuit is filed. As aptly noted by Wishard, "[g]ranting permission to sue after suit has already been brought would be the emptiest of gestures." Appellee's Br. p. 22. Thus, to get the letter of referral after the fact would be to render the statute a nullity, which we cannot and will not do.

■ Even more compelling, a two-year statute of limitations applies to claims made under the Wage Claims Act. Ind. Code § 34–11–2–1. It is undisputed that more than two years have passed for most of the putative class members.. Appellee's Br. p. 24. To get around this obstacle,

Lemon directs our attention to the class action tolling rule, which provides that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class *who would have been parties* had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (emphasis added). We have already found herein that, consistent with our Supreme Court's analysis of the Wage Claims Act and the plain language of the statute itself, submission of a wage claim to the DOL is a prerequisite to the commencement of a private cause of action. Thus, there is no basis on which to conclude that the putative class members herein would have been parties to Lemon's lawsuit and, as a result, no tolling of the statute of limitations.

In sum, we find that a claimant seeking redress pursuant to the Wage Claims Act must first submit the claim to the DOL before filing a lawsuit in court. Furthermore, the act of filing a putative class action does not enable the putative class members to subvert the statutory requirements. Finally, the putative class members are not permitted to get authority to file suit after the suit has already been filed and, in any event, the statute of limitations has expired. For all these reasons, we affirm the trial court.

The judgment of the trial court is affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

4. Lemon makes a number of arguments based on counsel's recounting of conversations it purportedly had with DOL employees, which is inadmissible hearsay. It also seeks to refer to a deposition that was taken in an entirely separate case, which is also not in the record before us. We decline to consider these arguments. In any event, we are bound by statutory language rather than an unwritten rule of practice.