Maureen REEL, Thomas Dullen and Ned Milby on Behalf of Themselves and All Others Similarly Situated, Appellants–Plaintiffs,

v.

CLARIAN HEALTH PARTNERS, INC., Appellee–Defendant.

No. 49A02–0901–CV–112.

Court of Appeals of Indiana.

Dec. 8, 2009.

Rehearing Denied Feb. 4, 2010.

Ronald E. Weldy, Weldy & Associates, Indianapolis, IN, Attorney for Appellants.

Kim F. Ebert, Steven F. Pockrass, Bonnie L. Martin, Ogletree Deakins Nash Smoak & Stewart, P.C., Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

We agree with *Lemon v. Wishard Health Servs.*, 902 N.E.2d 297 (Ind.Ct.App. 2009), *reh'g denied, trans. denied,* that a claimant seeking redress pursuant to the Wage Claims Statute, Indiana Code chapter 22–2–9, must first submit a claim to the Indiana Department of Labor ("DOL") before he or she is entitled to file a lawsuit in court and that the act of filing a putative class action does not enable the putative class members to subvert the statutory requirements. In addition, Indiana Code section 22–2–9–5, which allows the DOL to prosecute certain wage claims (less than $800 before July 1, 2007, and less than $6000 thereafter) on its own by taking assignment of them from the claimants, does not absolve the proposed class members from first submitting their wage claims to the DOL. We therefore affirm the trial court's dismissal of the proposed class of plaintiffs who have not sought review and referral from the DOL.

### Facts and Procedural History

This is the third time this case has come before this Court. The essential facts are that in July 2005 Maureen Reel, Thomas Dullen, and Ned Milby[1] ("Named Plaintiffs"), represented by Attorney Ronald Weldy, filed a complaint under the Wage Claims Statute, Indiana Code chapter 22–2–9, against Clarian Health Partners, Inc., as a proposed class action on behalf of "all former employees of [Clarian] who invol-

---

1. Milby was not a plaintiff at the time but was added in October 2006. The amended complaint alleges that Milby was terminated on June 16, 2006, and paid his Paid Time Off on July 14, 2006. Appellants' App. p. 91.

untarily separated from employment with [Clarian] and were paid their PTO [Paid Time Off] wages on or after July 11, 2003." *Reel v. Clarian Health Partners, Inc. (Reel II)*, 873 N.E.2d 75, 77 (Ind.Ct.App. 2007) (citation omitted), *trans. denied.*[2] Named Plaintiffs alleged that Clarian was liable to them for liquidated damages and attorney fees pursuant to Indiana Code section 22–2–5–2 for paying their PTO fourteen days after the pay date for the pay period in which they were involuntarily separated. The complaint alleged that the wage claims of Named Plaintiffs (but not the other proposed class members) had been referred to Attorney Weldy by the Indiana Attorney General's Office and the DOL pursuant to Indiana Code section 22–2–9–4(b). *Id.; see also* Appellants' App. p. 98. Named Plaintiffs also served interrogatories and requests for production on Clarian, the majority of which sought class-wide discovery.

In September 2005 Clarian filed a motion for summary judgment, and the trial court stayed discovery regarding the identity and contact information of the proposed class until it ruled on Clarian's motion. The trial court ultimately granted summary judgment in favor of Clarian. Named Plaintiffs appealed, arguing that the Wage Claims Statute, not Clarian's human resources manual, governs when Clarian must pay PTO wages. We held that, having granted employees the right to their PTO upon termination, such PTO is a wage under the Wage Claims Statute despite language in Clarian's manual setting forth when PTO would be paid upon termination. "Thus, despite Clarian's policy to the contrary, Clarian must pay the PTO in a timely manner as required in the Wage Claims Statute." *Reel II*, 873

N.E.2d at 82–83. We thus reversed and remanded the case to the trial court.

On February 25, 2008, shortly after the Indiana Supreme Court denied transfer in *Reel II*, Clarian filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction as to Class Claims or, in the Alternative, for Summary Judgment as to Class Claims. Clarian argued that pursuant to Indiana Code section 22–2–9–4 of the Wage Claims Statute, members of the proposed class who had not first filed their wage claims with the DOL were precluded from filing their claims in the trial court. A hearing was held, and on May 8, 2008, the trial court issued a three-page order granting Clarian's Trial Rule 12(B)(1) motion to dismiss. The court's order provides in relevant part:

> The Defendant correctly argues that Indiana Code § 22–2–9–4 requires all civil actions brought through application of Indiana Code § 22–2–5–2 to be brought by the Attorney General or his designee. Indiana Code § 22–2–9 et. seq. is part of the Wage Claims statute and is the statute applicable to employees whose employment has been terminated by the employer. The Named Plaintiffs (and the proposed class members) are employees whose employment was terminated by Clarian and, therefore, the Wage Claims statute is applicable to this lawsuit.

\*    \*    \*    \*    \*    \*

It is undisputed that the Named Plaintiffs have properly proceeded through the Department of Labor review and referral to the Attorney General's designee. Therefore, the Named Plaintiffs

**2.** *Reel I* was an interlocutory appeal in which we held as a matter of first impression that Indiana Trial Rule 23, which governs class actions, did not preclude the trial court from hearing Clarian's motion for summary judgment before addressing class certification. *Reel v. Clarian Health Partners, Inc.*, 855 N.E.2d 343, 349, 356 (Ind.Ct.App.2006).

were found by the Court of Appeals of Indiana to be entitled to the penal remedies available through application of Indiana Code § 22–2–5–2. However, the members of the class, as proposed, have not proceeded through the Department of Labor and the referral process. Therefore, as proposed, the members of the class would not be entitled to the penal remedies of Indiana Code § 22–2–5–2 and, since they were all paid their PTO by Clarian (albeit in an untimely manner), there is no remedy available to them (unless and until they comply with the Wage Claims statute).

\* \* \* \* \* \*

Procedurally, this lawsuit goes forward on the claims of the three named Plaintiffs who have all followed the procedure of Indiana Code § 22–2–9–4 and, therefore, are entitled to the penal remedies of Indiana Code § 22–2–5–2. However, the purported claims of the proposed class of terminated employees who have not availed themselves of the review and referral procedures of the statute can not go forward. There is no purpose to proceeding through extensive and costly class discovery on a claim with no possible merit. Therefore, the Court grants the Defendant's Trial Rule 12 motion to dismiss the claim for recovery under Indiana Code 22–2–5–2 of the proposed class of plaintiffs who have not sought review and referral pursuant to Indiana Code § 22–2–9–4. However, this order of dismissal does not affect the rights of the named Plaintiffs who have properly proceeded under the Wage Claims statute.

Appellants' App. p. 26–28. Named Plaintiffs filed a motion to reconsider, which the trial court denied. On December 30, 2008, the trial court ordered Clarian to pay Reel $1453.64, Dullen $1510.86, and Milby $3609.80, plus pre-judgment interest and costs incurred to date, reasonable attorney fees in the amount of $17,351.00, and costs in the amount of $276.30. Appellee's App. p. 12. On January 23, 2009, Clarian tendered a check in amount of $26,093.66 to Attorney Weldy and filed its Notice of Satisfaction of Judgment on January 27, 2009. Named Plaintiffs now appeal.

### Discussion and Decision

Named Plaintiffs appeal the trial court's Trial Rule 12(B)(1) dismissal of the purported wage claims of the proposed class members who have not sought review and referral to pursuant Indiana Code section 22–2–9–4. Specifically, they argue that despite this Court's recent ruling in *Lemon* (in which transfer was pending at the time Named Plaintiffs filed their Appellants' Brief but in which transfer was denied by the time Clarian filed its Appellee's Brief), the members of the proposed class action were not required to file their wage claims with the DOL in order to be a part of the proposed class action against Clarian. In addition, Named Plaintiffs argue that the trial court erred in failing to compel Clarian to provide discovery to them.

■ The standard of review for Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind.2001). If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. *Id.* "Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." *Id.* (quotation omitted). Thus, we review *de novo* a trial court's ruling on a motion to dismiss under Trial Rule

12(B)(1) where the facts before the trial court are undisputed. *Id.*[3]

## I. Wage Claims Statute

▮ Named Plaintiffs contend that the members of the proposed class action were not required to file their wage claims with the DOL in order to be a part of the proposed class action. We recently addressed this issue in *Lemon*, in which the Indiana Supreme Court denied transfer in September 2009—shortly after Named Plaintiffs filed their Appellants' Brief in this case.[4] In *Lemon*, Sherri Lemon was employed by Wishard until she was involuntarily separated. 902 N.E.2d at 298. Wishard did not pay Lemon her accumulated sick pay and PTO on her next regular payday, as required by the Wage Claims Statute. *Id.* Lemon's attorney sought a referral letter from the DOL granting permission to file a lawsuit under the Wage Claims Statute, and the DOL issued the referral letter shortly thereafter. *Id.* Lemon then filed a putative class action lawsuit, claiming that Wishard had failed to pay her and at least 100 other involuntarily separated former Wishard employees in a timely fashion as required by the Wage Claims Statute. *Id.* at 299. Lemon moved for class certification and claimed that there were approximately 250 individuals who fit her proposed class definition, none of whom had requested a referral letter from the DOL. *Id.* The trial court denied Lemon's request for class certification, and an interlocutory appeal ensued. *Id.*

▮ The *Lemon* appeal, like this appeal, centered on the Wage Claims Statute.

The Wage Claims Statute applies to employees who have been involuntarily separated from their employment. Ind.Code § 22–2–9–2(a). As the *Lemon* Court recognized, "Claimants who proceed under [the Wage Claims Statute] may not file a complaint with the trial court." 902 N.E.2d at 300 (quoting *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind.2002)) (citing *Naugle v. Beech Grove City Schs.*, 864 N.E.2d 1058, 1061 n. 1 (Ind.2007) (observing that, while Wage Payment Statute claimants may proceed by filing a complaint, "the Wage Claims Statute *requires* that a wage claim be submitted to the [DOL] for administrative enforcement" and holding that, "[b]ecause no administrative proceedings have been pursued, the plaintiffs' contentions under the Wage Claims [Statute] are not before us") (emphasis added)). Instead, the wage claim must first be submitted to the DOL. *Id.* (citing *Steele*, 766 N.E.2d at 705).

Indiana Code section 22–2–9–4 governs the DOL's responsibilities regarding wage claims and provides:

(a) It shall be the duty of the commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter. The commissioner of labor may hold hearings to satisfy himself as to the justice of any claim, and he shall cooperate with any employee in the enforcement of any claim against his employer in any case

---

**3.** Named Plaintiffs argue that the standard of review is actually for summary judgment, not a Trial Rule 12(B)(1) motion to dismiss. Appellants' Br. p. 7. Named Plaintiffs assert, however, that because this appeal involves the interpretation of the Wage Claims Statute and questions of law are reviewed *de novo*, the standard of review is still *de novo*.

**4.** Attorney Weldy, Named Plaintiffs' attorney both below and on appeal, is the same attorney as Lemon's attorney.

whenever, in his opinion, the claim is just and valid.

(b) *The commissioner of labor may refer claims for wages under this chapter to the attorney general, and the attorney general may initiate civil actions on behalf of the claimant or may refer the claim to any attorney admitted to the practice of law in Indiana.* The provisions of IC 22-2-5-2 apply to civil actions initiated under this subsection by the attorney general or his designee.

Ind.Code § 22-2-9-4 (emphasis added). As referenced in subsection (b) above, Indiana Code section 22-2-5-2 is the statute providing for penalties and attorney fees, and the plain language of Section 22-2-9-4 states that only "the attorney general or his designee" may seek those damages. To become the "designee" of the attorney general, a claimant—or more specifically his or her attorney-must obtain a letter of referral. *Lemon,* 902 N.E.2d at 300.

After analyzing these statutes and cases, the *Lemon* Court held:

It is evident that the Wage Claims [Statute] contemplates that a claimant must approach the DOL before he or she is entitled to file a lawsuit in court to seek unpaid wages or penalties. The DOL is then entitled to investigate the claim and refer the claim to the Attorney General, who may either institute an action on the claimant's behalf or refer the claim to an attorney. Here, it is undisputed that Lemon complied with these statutory provisions. It is also undisputed that the other putative class members have not.

The only question, therefore, is whether the act of seeking class certification somehow enables the putative class members to avoid compliance with the statute. *The Wage Claims [Statute] contemplates an individualized review of each claim, and the result of that review may be the DOL choosing to pursue the claim itself or the DOL referring the claim to the Attorney General, who may either pursue the claim or refer the claim to a private attorney.* I.C. § 22-2-9-4. We are not persuaded that permitting one individual's claim to serve as a stand-in for hundreds of others is an adequate substitute for this individualized review provided for by the statute.

*Id.* at 300-01 (emphasis added). The *Lemon* Court continued:

The purpose of Indiana Code section 22-2-9-4, however, is to create a barrier to claims to be filed in court. The statute makes it clear that a claim must work its way through the proper channels—the DOL and, if need be, the Attorney General—before it may be brought into court. Under these circumstances, we cannot conclude that the purpose of the Wage Claims [Statute] is satisfied by permitting a putative class representative's claim to act as a proxy for the claims of the putative class members.

Additionally, we note that the DOL is authorized to join claimants as it sees fit. Indiana Code section 22-2-9-5(b) provides that "[t]he [DOL] commissioner shall have power to join various claimants in one (1) preferred claim or lien, and, in case of suit, to join them in one (1) cause of action." Had the DOL been afforded the opportunity to take that course of action, it could have investigated the claims on a class-wide basis. Thus, we do not find Lemon's claim that requiring each individual in a class to go through the DOL renders a class action per se impractical.

Lemon argues that, even if putative class members need a letter of referral to proceed with their respective claims, they could obtain those letters after the

lawsuit was filed. As noted above, however, the plain language of the Wage Claims Act requires that the letter be obtained—and the administrative process followed—before the lawsuit is filed. As aptly noted by Wishard, "[g]ranting permission to sue after suit has already been brought would be the emptiest of gestures." Appellee's Br. p. 22. Thus, to get the letter of referral after the fact would be to render the statute a nullity, which we cannot and will not do.

\*     \*     \*     \*     \*     \*

In sum, we find that a claimant seeking redress pursuant to the Wage Claims [Statute] must first submit the claim to the DOL before filing a lawsuit in court. Furthermore, the act of filing a putative class action does not enable the putative class members to subvert the statutory requirements. Finally, the putative class members are not permitted to get authority to file suit after the suit has already been filed....

*Id.* at 301–02 (footnote omitted).[5]

■ We agree with *Lemon* that a claimant seeking redress pursuant to the Wage Claims Statute must first submit the claim to the DOL before he or she is entitled to file a lawsuit in court and that the act of filing a putative class action does not enable the putative class members to subvert the statutory requirements.[6] Therefore, we conclude that the trial court properly granted Clarian's Trial Rule 12(B)(1) motion to dismiss the purported wages claims of the proposed class of plaintiffs who had

not sought review and referral pursuant to Indiana Code section 22–2–9–4. That is, because these proposed class members did not first pursue administrative proceedings, the trial court did not have subject matter jurisdiction over their purported wage claims.

■ Nevertheless, Named Plaintiffs argue that Indiana Code section 22–2–9–5 absolves the proposed class members of the requirement to submit their wage claims to the DOL. We disagree. At the time at least two of the Named Plaintiffs received their DOL referral letters, *see* Appellants' App. p. 103–04 (DOL letters to Attorney Weldy regarding Reel and Dullen dated June 7, 2005, and July 13, 2005, respectively), Indiana Code section 22–2–9–5 provided:

> *The commissioner of labor is hereby authorized to take assignments of wage claims of less than eight hundred dollars ($800.00),* rights of action for penalties, mechanics and other liens of workers, without being bound by any of the technical rules with reference to the validity of such assignments; and shall have power and authority to prosecute actions for the collection of such claims of persons who, in the judgment of the commissioner, are entitled to the services of the commissioner and who, in his judgment, have claims which are valid and enforceable in the court. The commissioner shall have power to join various claimants in one (1) preferred claim or lien, and, in case of suit, to join them in one (1) cause of action.

---

5. The *Lemon* Court also addressed the two-year statute of limitations applicable to claims made under the Wage Claims Statute. *See Lemon*, 902 N.E.2d at 302. Here, however, neither the parties nor the trial court address the statute of limitations as applied to the potential class members who have not submitted a claim to the DOL.

6. We also agree with the *Lemon* Court's distinguishing of *Budden v. Board of School Commissioners of City of Indianapolis*, 698 N.E.2d 1157 (Ind.1998), and therefore do not reengage in such an analysis here.

Ind.Code Ann. § 22–2–9–5 (West 2005) (emphasis added). In 2007 Indiana Code section 22–2–9–5 was amended to apply to wage claims filed with the DOL after June 30, 2007. P.L. 165–2007. It currently provides:

(a) *The commissioner of labor is hereby authorized to take assignments of wage claims of less than six thousand dollars ($6,000)*, rights of action for penalties, mechanics and other liens of workers, without being bound by any of the technical rules with reference to the validity of such assignments, and shall have power and authority to prosecute actions for the collection of such claims of persons who, in the judgment of the commissioner:

(1) are entitled to the services of the commissioner; and

(2) have claims which are valid and enforceable in the court.

(b) The commissioner shall have power to join various claimants in one (1) preferred claim or lien, and, in case of suit, to join them in one (1) cause of action.

Ind.Code Ann. § 22–2–9–5 (West Supp. 2008) (emphasis added).

Under Section 22–2–9–5 wage claims under $800 (before July 1, 2007) and under $6000 (July 1, 2007, and after) may be referred to the Attorney General or a private attorney *or* the DOL may prosecute such wage claims on its own by taking assignment of them from the claimants. This, however, does not absolve the claimants from submitting their wage claims to the DOL in the first instance. Ultimately, it is duty of the Commissioner of Labor to enforce and insure compliance with Indiana Code chapter 22–2–9, to investigate any violations of any of the provisions of the chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under the chapter. I.C. § 22–2–9–4(a). And Section 22–2–9–5

gives the Commissioner the authority to take assignment of certain wage claims without referring them to the Attorney General. This limited authority, however, has no bearing on the claimants' duty to first submit their claims to the DOL.

■ Named Plaintiffs also argue that 610 IAC section 6–2–6, issued in 2006, absolves the proposed class members of the requirement to submit their wage claims to the DOL. We also disagree. 610 IAC section 6–2–6 provides, "An employee is not required to request an investigation under this rule before filing suit against an employer *under IC 22–2–5–2*." (Emphasis added). Indiana Code section 22–2–5–2, however, is the Wage Payment Statute, not the Wage Claims Statute. It has been well established since *Steele* that claimants without referral from the DOL may proceed under the Wage Payment Statute by filing a complaint in the trial court. *Naugle*, 864 N.E.2d at 1061 n. 1. Although 610 IAC section 6–2–6 notes that the "[a]ffected" statutes are "IC 22–2–2–9; IC 22–2–5–2; [and] *IC 22–2–9–4* " this does not mean that it applies to claims made under the Wage Claims Statute. The plain and unambiguous language of 610 IAC section 6–2–6 provides that an employee is not required to request an investigation under this rule before filing suit against an employer under Indiana Code section 22–2–5–2, the Wage Payment Statute. Indiana Code section 22–2–9–4 is likely listed as affected because under subsection (b) of that statute, penalties and attorney fees as detailed in Indiana Code section 22–2–5–2 are available for civil actions instituted by the Attorney General or his designee under the Wage Claims Statute. *See* I.C. § 22–2–9–4(b) (explicitly listing I.C. § 22–2–5–2). Named Plaintiffs' argument fails.

## II. Discovery

■ Finally, Named Plaintiffs contend—in a two-paragraph argument with-

out citation to authority—that the trial court erred in failing to compel Clarian to provide discovery with regard to members of the proposed class. Named Plaintiffs filed an Emergency Motion to Compel Discovery on February 12, 2008. This motion essentially sought to compel discovery from Clarian that was stayed in 2005 pending Clarian's ultimately unsuccessful motion for summary judgment. Named Plaintiffs sought extensive discovery from Clarian including each involuntarily separated employee since July 1, 2003, including full name, Social Security Number, last known address, last known work and home telephone numbers, and start and end dates of employment.[7] Appellants' App. p. 132. According to Named Plaintiffs in their Memorandum in Opposition to Clarian's motion to dismiss and/or summary judgment, "it is not implausible ... that over a thousand [proposed class members] exist." *Id.* at 51. The trial court ruled on the motion to compel as follows: "There is no purpose to proceeding through extensive and costly class discovery on a claim with no possible merit." *Id.* at 28. But according to Named Plaintiffs, "only Clarian knows the identity of these potential class members."[8] Appellants' Br. p. 8.

Rulings on motions for discovery rest in the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Howard v. Dravet,* 813 N.E.2d 1217, 1221 (Ind.Ct.App.2004). In addition, the sequence and timing of discovery has been left to the almost unlimited discretion of the trial court. *Walker v.*

*Cuppett,* 808 N.E.2d 85, 103 (Ind.Ct.App. 2004).

The trial court did not abuse its discretion in sequencing the discovery to avoid extensive and costly discovery until it ruled on the motion to dismiss. We affirm the trial court's Trial Rule 12(B)(1) dismissal of the purported wage claims of the potential class members who have not sought review and referral from the DOL and its denial of Named Plaintiffs' motion to compel discovery.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.

---

7. Attorney Weldy first argued to the trial court that the proposed class members did not have to submit their wage claims to the DOL in order to be a part of the of the proposed class action. But in the alternative, he argued that he needed this information in order to identify those former Clarian employees affected and to encourage them to submit their claims to the DOL. Essentially, he is

using the putative class action as a vehicle to identify the members. We agree with the trial court that this is putting the cart before the horse. Tr. p. 47.

8. We note that the DOL should be in the best position to know those who have received referral letters.