**Toshiano ISHII, Matthew Stone, Greg Hardin, Lisa Hardin, William Neely, and Michael Grider (on their own behalf and on behalf of Defendants and others appearing before the Marion County Traffic Court), Appellants,**

v.

**The Honorable William E. YOUNG, Judge, Appellee.**

No. 49A02–1103–PL–316.

Court of Appeals of Indiana.

Dec. 6, 2011.

Adam Lenkowsky, Roberts & Bishop, Indianapolis, IN, Attorney for Appellants.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Toshiano Ishii, Matthew Stone, Greg Hardin, Lisa Hardin, William Neely, and Michael Grider (on their own behalf and on behalf of Defendants and others appearing before the Marion County Traffic Court) (collectively, "Appellants") appeal the trial court's order granting the motion to dismiss of the Honorable William E. Young, Judge. Appellants raise one issue, which we revise and restate as whether the trial court properly granted Judge Young's motion to dismiss. We affirm.

The relevant facts follow. On November 4, 2010, Appellants filed Plaintiffs' Second Amended Class Action Complaint (the "Complaint")[1] on their own behalf and on behalf of a class of "[a]ll Defendants who appeared before or will in the future appear before the Marion County Traffic Court" and "the friends and family of Defendants who were denied entrance to Traffic Court." Appellants' Appendix at 14. The Complaint alleged that Judge Young imposed and threatened to impose additional fines on traffic court defendants who exercised their right to a trial, that Judge Young maintains a policy of closing the traffic court courtroom to all but defendants, that persons who leave the courtroom are not allowed back into the courtroom, and that Judge Young's actions violate Indiana law, the Indiana Code of Judicial Conduct, and provisions of the Indiana Constitution. The Complaint requested relief, including an "Order of Prohibition, disallowing Judge Young from fining people who choose to exercise their right to access the court to try their case," an "Order of Prohibition, that Judge Young not bar the general public from attending during sessions," an "Order of Mandamus, that Judge Young allow Defendants who have health problems to leave the courtroom to tend to those health problems and return, and that those[ ] who need to for health reasons[ ] be allowed to carry into the courtroom and consume a snack, water, and/or medication," an "Order of Prohibition, that Judge Young not lock the doors to the courtroom during sessions," and an "Order of Prohibition, to bar Judge Young from imposing fines in excess of that allowed by Indiana law." *Id.* at 22–23.

On December 27, 2010, Judge Young filed a motion to dismiss arguing in part that the trial court lacked jurisdiction to review the actions of another court or to issue a writ of mandate or prohibition against another superior court and that the plaintiffs lack standing to challenge the procedures of the Marion County Traffic and Parking Court. The parties filed briefs in support of their respective positions on the motion to dismiss, and on March 7, 2011 the court held a hearing.

On March 15, 2011, the court entered an Order on Application for Default Judgment, Motion to Certify Class and Motion to Dismiss, in which the court denied Appellants' application for default judgment and motion for class certification and granted Judge Young's motion to dismiss. With respect to the motion to dismiss, the court's order provided in part:

### MOTION TO DISMISS

\* \* \* \* \* \*

34) That during the hearing, the Court was reminded that all of the other

---

1. This is the only complaint provided in the record.

Defendants in this case had been dismissed, and that the only one remaining was the Judge William E. Young, acting in his capacity as judge.

\* \* \* \* \* \*

38) Initially as to standing, [Judge Young] argues that all of the [Appellants] are previous participants in [his] courtroom and none currently have an action pending.

39) The argument by [Judge Young] is that since there are no current [Appellants] asking for remedies that can affect them, that they do not have standing.

40) [Appellants'] attorney argues that [Appellants] have standing under a public standing argument.

41) The Court is not convinced that [Appellants'] arguments regarding standing are valid, nor that there is a public standing for [Appellants] under any of the requests for remedies in this case.

42) As such, the Court must find that for the remedies that are being sought, and the issues that have been raised in the Amended Complaint, there simply is no standing for the current [Appellants] in this case.

43) Additionally, [Judge Young] argues that this lower court does not have jurisdiction of Mandating of Prohibiting another lower court to do anything. In other words, only the Supreme Court, Disciplinary Commission or the Legislature has the ability to supervise and make dictates to a lower court.

44) Despite arguments by [Appellants] in their filings to the contrary, it is quite clear that this Court cannot dictate a mandamus or other prohibition to keep [Judge Young] from conducting himself officially in a certain manner.

45) Although the behaviors described in the affidavits from [Appellants] show a pattern of questionable and disturbing conduct, there are other remedies that must be sought, by persons that currently stand to be injured by the conduct, when such conduct occurs.

46) Here, [Appellants] no longer are seeking this court to reimburse excessive fines, costs or even expunge the convictions from hearings held while [Judge Young] was conducting himself in a questionable manner, but are seeking future redress for individuals that are yet to be in the court.

47) Further, the Supreme Court, the State Legislature and the Disciplinary Commission have taken steps to reign in the actions of [Judge Young], thereby making the jurisdiction argument, as well as the standing argument discussed above, even more credible.

48) [Judge Young's] court has been moved to a new location to deal with overcrowding and an issue with the metal detector that may have been keeping people from coming and going from the courtroom as they pleased has been remedied.

49) [Judge Young's] ability to fine has been handled by the Indiana Legislature by way of legislation passed in the previous year and [Judge Young] is now restricted from imposing fines in the manner he was previously.

50) Further, [Judge Young] was disciplined by the Supreme Court Disciplinary Commission for his conduct and statements made to individuals

in his courtroom and he was censured accordingly.

51) In a nutshell, the stripped down Amended Complaint, only against Judge William E. Young, does not permit this court any ability to give a remedy as sought by [Appellants], producing a lack of jurisdiction.

52) All of the redress sought, listed above in quotes, are remedies through the Indiana Judicial Disciplinary Commission, the Legislature, the Supreme Court or by way of a timely appeal from [Judge Young's] court when such actions occur.

*Id.* at 10–12.

■■■ The issue is whether the trial court lacked jurisdiction to issue a mandate or injunction against Judge Young.[2] "If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law." *Reel v. Clarian Health Partners. Inc.*, 917 N.E.2d 714, 717 (Ind.Ct.App.2009), *reh'g denied, trans. denied.* Thus, we review *de novo* a trial court's ruling on a motion to dismiss for lack of subject matter jurisdiction. *Id.*

Appellants argue that the trial court erred in finding that it did not have jurisdiction to issue a writ of mandamus or prohibition and that Appellants lacked standing. Specifically, Appellants argue that their claims do not fall within the original and exclusive jurisdiction of the Indiana Supreme Court, that "[i]ndeed [Appellants] would have loved nothing more than to file the complaint as an original action with the Indiana Supreme Court," and that their "claims could not have been brought as an original action to the [Indiana] Supreme Court and were properly brought before the trial court." Appellants' Brief at 3, 6. Appellants also argue that they have standing to pursue their claims against Judge Young under the public standing doctrine and that their claims are not moot.

Judge Young argues that "[t]he trial court lacked jurisdiction over the subject matter of the procedures of another superior court." Appellee's Brief at 7. Judge Young argues that "[t]he judicial immunity of judges ... is based, in part, on the idea that the proper remedy for errors in court proceedings is an appeal, not a civil action against the judge," that "[t]hat same reasoning leads to the conclusion that one trial court cannot review the actions of another trial court," that "[r]eview is a matter for appeal," that if Appellants "had prevailed in this lawsuit, every finding of guilt and fine imposed by Judge Young would be subject to attack in another trial court," and that "this action was properly dismissed based on the unavailability of review in the trial court under these circumstances." *Id.* at 7–8. Judge Young further argues that "[t]he trial court correctly found it lacked jurisdiction to issue ... a writ in this case against another superior court" and that the "Indiana Supreme Court has exclusive, original jurisdiction over actions for writs of mandamus against inferior courts." *Id.* at 8.

In their reply brief, Appellants argue that they were not required to appeal their own convictions, that they "could not obtain the desired relief through the appellate process," and that that they "do not seek to hold Judge Young personally responsible for monetary damages" but "merely seek that he be required to take certain actions and prohibited from taking

---

**2.** The Appellants do not challenge those portions of the trial court's order denying default judgment or class certification.

others." Appellants' Reply Brief at 2, 4. Appellants further assert that the Appellate Rules, Original Action Rules, and State Constitution do not prevent a trial court judge from issuing a writ of mandamus or prohibition to another trial court judge on matters not pertaining to the trial court's jurisdiction.

■ In their Complaint, Appellants clearly requested an "Order of Prohibition" and an "Order of Mandamus." Appellants' Appendix at 22–23. However, the Indiana Supreme Court has exclusive, original jurisdiction over actions for writs of mandamus and prohibition against inferior courts, and the reason for this rule is that the Indiana Supreme Court alone has authority over the supervision of State courts. *See* Ind. Const. Art. 7, § 4 ("Jurisdiction of Supreme Court"); Ind. Appellate Rule 4(B)(3) (noting the Indiana Supreme Court has exclusive jurisdiction over matters involving the supervision of courts, including issuance of writs of mandate and prohibition); Ind. Original Action Rules 1(A) and (B) (same); *see also Chissell v. State,* 705 N.E.2d 501, 506 (Ind.Ct.App. 1999), *trans. denied.* Based upon the record, we conclude that the trial court properly dismissed the Complaint and granted Judge Young's motion to dismiss.[3]

For the foregoing reasons, we affirm the trial court's order granting the motion to dismiss.

Affirmed.

BAKER, J., and KIRSCH, J., concur.

---

**3.** Because we affirm the order of the trial court on other grounds, we need not address the parties' arguments related to standing and mootness.