# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 08 2017, 7:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Zena D. Crenshaw-Logal
Crown Point, Indiana

ATTORNEYS FOR APPELLEE,
MEGAN L. CRAIG

Mark D. Gerth
Indianapolis, Indiana

ATTORNEYS FOR STATE
APPELLEES, LAKE SUPERIOR
COURT, SMALL CLAIMS
DIVISION III, THE HONORABLE
JULIE N. CANTRELL AS ITS
JUDGE, AND MICHAEL N.
PAGANO AS HER MAGISTRATE

Curtis T. Hill, Jr
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zena D. Crenshaw-Logal, Personally and as Relator for the State of Indiana as well as Sole Heir of and Personal Representative for the Estate of Rodney A. Logal, Deceased

*Appellant-Plaintiff,*

v.

Lake Superior Court, Small Claims Division III, the Honorable Julie N. Cantrell as its Judge, Michael N. Pagano as her Magistrate, and Megan L. Craig,

*Appellees-Defendants.*

March 8, 2017

Court of Appeals Case No. 45A04-1607-PL-1583

Appeal from the Lake Circuit Court

The Honorable George C. Paras, Judge

Trial Court Cause No. 45C01-1507-PL-63

**Brown, Judge.**

[1] Zena Crenshaw-Logal appeals the trial court's dismissal of her action for mandate. We find one issue dispositive, which is whether Crenshaw-Logal's notice of appeal is untimely. We dismiss.

## Facts and Procedural History

[2] On July 13, 2015, Rodney A. Logal and Crenshaw-Logal (collectively, the "Logals"), "*Pro Se* and as Relators for the State of Indiana," filed a Verified

Action for Mandate in the Lake Circuit Court in cause number 45C01-1507-PL-00063 ("Cause No. 63"), the cause from which this appeal arises. Appellant's Appendix at 17. The Logals asserted that they were the plaintiffs/counter-defendants in an action pending in cause number 45D09-1501-SC-40 ("Cause No. 40") before the Lake Superior Court, Small Claims Division III. The Logals requested in part an order "commanding the Lake Superior Court, Small Claims Division III at Crown Point, Indiana and The Honorable Julie N. Cantrell as Judge as well as The Honorable Michael N. Pagano as Magistrate thereof to refrain from any further proceedings in [Cause No. 40] before it/them, captioned as *Logal v. Richard Wilson, et al.*, until disposition of the Action for Mandate at hand or further Order of this Court," "judgment against the defendants, jointly and severally, as contemplated by I.C. § 34-27-3-3,"[1] an order "directing a return of the summons no later than July 24, 2015," and "all other relief just and proper upon the premises." *Id.* at 20.

---

[1] Ind. Code § 34-27-3-3 provides:

> (a) An action for mandate shall stand for trial, and as in other civil actions, the court hearing the action may:
>
>> (1) join issues of law and fact;
>> (2) grant amendments, continuances, and appeals; and
>> (3) render final judgments.
>
> (b) In actions for mandate, if the finding and judgments are for the plaintiff, the court rendering the final judgment shall grant the plaintiff:
>
>> (1) relief the plaintiff is entitled to under the law and facts in the action;
>> (2) damages, as in actions for false returns; and
>> (3) costs as the court directs.

[3]     On August 3, 2015, the Lake Superior Court entered a judgment in Cause No. 40 which found that Logal failed to appear and that the Wilsons established a prima facie case that Logal converted funds paid by Elzinga that were intended to be shared with the Wilsons for farming parcels owned by both Logal and the Wilsons. The court ordered that the Wilsons were entitled to $1,000 in actual damages, treble damages for conversion, and attorney fees. The court ordered that the Logals' claim be dismissed without prejudice due to his failure to appear and entered judgment on the Wilsons' counterclaim by default in the amount of $6,000 plus post-judgment interest.

[4]     In September 2015, a deputy attorney general filed an amended motion to dismiss in Cause No. 63 on behalf of the Lake Superior Court, Small Claims Division III, Judge Cantrell, and Magistrate Pagano, and requested that the court dismiss on the basis of lack of subject matter jurisdiction, mootness, absolute judicial immunity, and for failing to state a claim upon which relief could be granted. Specifically, the motion asserted that the Lake Circuit Court lacked subject matter jurisdiction because Lake Superior Courts were courts of equivalent jurisdiction to the Lake Circuit Court and mandate authority was reserved to the Indiana Supreme Court. The motion also asserted that the Logals had requested a stay of all proceedings in Cause No. 40 and that that relief was moot because the future events complained of by the Logals had already occurred. That same month, the Logals filed a Verified Response to Defendants' Amended Motion to Dismiss. On October 20, 2015, the Lake

Circuit Court held a hearing in Cause No. 63 on the motion to dismiss and took the matter under advisement.

[5] On November 12, 2015, the Lake Circuit Court dismissed the Logals' Verified Action for Mandate in Cause No. 63. Specifically, the court's order states:

> Upon careful consideration of the arguments and materials presented, as well as review of the relevant authorities, the Court hereby finds that this Court has no jurisdiction or authority to entertain an action for mandate concerning the rulings entered and hearings held in Lake Superior Court. Under Rule 1(A) of the Indiana Rules of Court, such jurisdiction and authority belongs solely to the Indiana Supreme Court. Consequently, Plaintiffs' Verified Action for Mandate fails to state a claim upon which relief can be granted.

> Accordingly, Plaintiff's Verified Action for Mandate, filed herein on July 13, 2015, is hereby DISMISSED WITH PREJUDICE as to the Lake Superior Court, Small Claims Division III, Hon. Julie Cantrell and Hon. Michael Pagano.

Appellant's Appendix at 13.[2]

[6] On December 14, 2015, the Logals filed a motion to correct errors in Cause No. 63. That same day, they also filed a Motion for Leave to Supplement Pleadings, which referenced Trial Rules 15(A), 15(D), and 20(A)(2), and referred to and attached a First Amended Complaint, which listed Megan L. Craig as an additional defendant in Cause No. 63 and included: Count I,

---

[2] The November 12, 2015 order was noted in the chronological case summary on November 23, 2015.

verified action for mandate; Count II, "Plaintiffs' Claim for Conspiracy to Violate and Violation of Fourteenth Amendment;" Count III, "Plaintiffs' Tort Claim for Conspiracy to Invade and Invasion of Privacy;" and Count IV, "Plaintiffs' Claim for Conspiracy to Tortiously Interfere with and Tortious Interference with a Banking/Business Relationship." *Id.* at 101, 105, 107. The Motion for Leave to Supplement Pleadings stated that the "First Amended Complaint is proposed simultaneous with their Motion to Correct Errors challenging dismissal of the present case based on a purported lack of subject matter jurisdiction improperly derived . . . ." *Id.* at 96. The Motion for Leave to Supplement Pleadings also stated: "Should the Court deny that Motion to Correct Errors in whole or part, the Plaintiffs may seek a corresponding interlocutory appeal or pursue a related original action before the Indiana Supreme Court while their proposed Counts II through IV proceed for jury trial . . . ." *Id.*

[7] On December 28, 2015, a deputy attorney general filed a response on behalf of the Lake Superior Court, Small Claims Division III, Judge Cantrell, and Magistrate Pagano. The response argued that the court should deny the Logals' motion to correct errors and their Motion for Leave to Supplement Pleadings.

[8] On January 25, 2016, the Logals filed a document titled "Plaintiffs' Verified Application for Emergency Hearing (*i.e.*, hearing prior to 2/4/16), Temporary Restraining Order, and/or Preliminary Injunction Enjoining Defendant Craig with Actual Notice to Her Agents, Servants, Employees, and Attorneys, and Designated Persons in Active Concert or Participation with Her." *Id.* at 124.

That same day, the Logals filed a document titled "Plaintiff's Verified Motion for Emergency Hearing (*i.e.*, hearing prior to 2/4/16) and Stay Of All Lower Court Proceedings." *Id.* at 145. On February 4, 2016, the Logals filed a document titled "Plaintiffs' Verified Motion for Emergency Hearing on their Pending Applications for Stay Of All Lower Court Proceedings, Temporary Restraining Order, and/or Preliminary Injunction Enjoining Defendant Craig with Actual Notice to Her Agents, Servants, Employees, and Attorneys, and Designated Persons in Active Concert or Participation with Her." *Id.* at 148. In March 2016, Crenshaw-Logal filed a document titled "Verified Notice of Plaintiff Zena Crenshaw-Logal and Renewed Request for Emergency Hearing." *Id.* at 151.

[9]     On March 22, 2016, the Lake Circuit Court scheduled a hearing. On March 31, 2016, Craig, Lake Superior Court, Small Claims Division III, Judge Cantrell, and Magistrate Pagano filed a Motion to Vacate Hearing as Moot. They argued that there was no active case pending before the court, that the November 12, 2015 order dismissed the case with prejudice, and that the Logals' motion to correct errors was deemed denied and they failed to timely appeal.

[10]    On June 9, 2016, the Lake Circuit Court entered an order granting the Motion to Vacate Hearing as Moot. The order states:

    1)  This action was dismissed pursuant to Ind. T.R. 12(B)(6) on
        November 12, 2015.

2) Pursuant to Rule 12(B)(6), a Plaintiff may file an Amended Complaint within ten (10) days of the Court's order of dismissal as of right. If not filed within that ten (10) day period, a claimant may amend the complaint only by leave of Court. No amendment was filed by Plaintiffs within that time.

3) *Pro-se* Plaintiffs filed a Motion to Amend this action on December 14, 2015, after the 10 days had expired, seeking to leave to add Defendant Megan L. Craig.

4) This Court has not granted Plaintiffs leave to file an amended complaint.

5) Plaintiffs simultaneously filed a Motion to Correct Errors on December 14, 2015, which was deemed denied on January 28, 2016 by Ind. T.R. 53.3 (A).

6) Plaintiffs also failed to initiate a timely appeal in accordance with pursuant to Ind. [Trial Rule] 53.3 and Ind. App. Rule 9(A), and accordingly, any right to appeal this matter expired on February 27, 2016.

7) Accordingly, there are no matters currently before this Court that necessitates a hearing or any other relief in the premises, and this Court's Order of November 12, 2015 stands.

8) The Clerk is hereby ordered to designate this cause as closed.

*Id.* at 11-12.

[11] On July 7, 2016, Crenshaw-Logal filed a notice of appeal. In her notice of appeal and under the heading "Date of Judgments/Orders being appealed," she

listed "June 9, 2016; March 22, 2016; November 12, 2015; Undated." Notice of Appeal. In her brief on appeal, Crenshaw-Logal states that "this appeal is solely from a June 9, 2016 Order granting the lower court defendants' 'Motion to Vacate Hearing as Moot,'" and that "the June 9, 2016 ruling is a final appealable order, and that all preliminary or interlocutory matters are merged in that determination and appropriately addressed by this appeal." Appellant's Brief at 5.

## *Discussion*

[12] Initially, we observe that Crenshaw-Logal is proceeding *pro se*. Such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 679 n.1 (Ind. Ct. App. 2009) (citation omitted), *reh'g denied*, *trans. denied*.

[13] Crenshaw-Logal does not appear to challenge the trial court's finding that her motion to correct error was deemed denied under Ind. Trial Rule 53.3(A). Rather, she asserts that the language in Trial Rule 53.3(A) "does not extend its 'deemed denied' provision to **all** related matters pending before a Court and Mrs. Logal has not encountered any case to that effect." Appellant's Brief at 19. She also argues that "[t]here are simply no rational grounds for contending that the countdown for appeal began on the Logals' entire case below when their original pleading was conclusively rejected by the Lake Circuit Court,

especially since it was superseded by an amended complaint no later than January 8, 2016, albeit inadvertently." *Id.* at 19-20 (footnote omitted). However, Crenshaw-Logal does not develop this argument. While her Motion for Leave to Supplement Pleadings cited Ind. Trial Rules 15(A),[3] 15(D),[4] and 20(A)(2),[5] she does not cite these rules in the argument section of her brief. She does not develop an argument that the trial court's finding in the June 9, 2016 order that she failed to file an amended complaint within ten days as required by Rule 12(B)(6) was improper. She also does not develop a cogent argument as to whether the court erred or abused its discretion in failing to grant her leave to file an amended complaint listing Craig as an additional defendant. To the extent Crenshaw-Logal fails to cite to relevant authority or develop an

---

[3] Ind. Trial Rule 15(A) is titled "Amendments" and provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within twenty [20] days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

[4] Ind. Trial Rule 15(D) is titled "Supplemental pleadings" and provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

[5] Ind. Trial Rule 20 is titled "Permissive joinder of parties" and (A)(2) provides: "All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

argument which respect to the issues she attempts to raise on appeal, those arguments are waived. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied*, *trans. denied*.

[14] At the relevant time, Ind. Appellate Rule 9(A)(1) provided: "if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first."[6]  Ind. Appellate Rule 9(A)(5) provides: "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited . . . ."

[15] Ind. Trial Rule 53.3(A) governs the time limitation for ruling on a motion to correct error and provides:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied.  Any appeal shall be initiated by filing the notice of appeal under Appellate

---

[6] Ind. Appellate Rule 9(A)(1) was amended and now provides: "if any party files a timely motion to correct error, a Notice of Appeal must be conventionally filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first."

> Rule 9(A) within thirty (30) days after the Motion to Correct
> Error is deemed denied.

The denial in Rule 53.3 is "automatic" and "self-activating upon the passage of the requisite number of days." *Wurster Const. Co., Inc. v. Essex Ins. Co.*, 918 N.E.2d 666, 671 (Ind. Ct. App. 2009) (quoting *Trisler v. Exec. Builders, Inc.*, 647 N.E.2d 390, 393 (Ind. Ct. App. 1995), *trans. denied*).

[16] Pursuant to Trial Rule 53.3, the Logals' motion to correct errors was deemed denied on January 28, 2016, which was forty-five days after it was filed on December 14, 2015.[7] Consequently, the notice of appeal filed by Crenshaw-Logal on July 7, 2016, was untimely, and she forfeited the right to appeal. *See* Ind. Appellate Rule 9(A)(5); Ind. Trial Rule 53.3(A). Accordingly, we dismiss her appeal. *See Cavinder Elevators, Inc. v. Hall*, 726 N.E.2d 285, 289 (Ind. 2000) (holding that "if the plaintiff, as the party filing the motion to correct error, had failed to commence a timely appeal following the deemed denial pursuant to Trial Rule 53.3(A), such failure would have waived the claims and precluded the plaintiff from raising them as cross-errors on appeal").

[17] Even assuming Crenshaw-Logal had not forfeited her right to appeal, reversal would not be warranted. The Logals filed their July 13, 2015 Verified Action for Mandate in Cause No. 63 in the Lake Circuit Court and requested an order commanding the Lake Superior Court, Small Claims Division III, Judge

---

[7] While exceptions to the time limitations for ruling on a motion to correct error exist, Crenshaw-Logal does not argue that any of the exceptions apply.

Cantrell, and Magistrate Pagano "to refrain from any further proceedings in [Cause No. 40] before it/them, captioned as *Logal v. Richard Wilson, et al.*, until disposition of the Action for Mandate at hand or further Order of this Court" and "judgment against the defendants, jointly and severally, as contemplated by I.C. § 34-27-3-3." Appellant's Appendix at 20. "The Indiana Supreme Court has exclusive, original jurisdiction over actions for writs of mandamus and prohibition against inferior courts, and the reason for this rule is that the Indiana Supreme Court alone has authority over the supervision of State courts." *Ishii v. Young*, 960 N.E.2d 153, 157 (Ind. Ct. App. 2011) (citing in part IND. CONST. ART. 7, § 4 ("Jurisdiction of Supreme Court"); Rule 1 of the Rules of Procedure for Original Actions ("The Supreme Court has exclusive, original jurisdiction to supervise the exercise of jurisdiction of all inferior state courts, including the Court of Appeals, by virtue of Indiana Constitution, Article 7, Section 4, and Ind. Appellate Rule 4(B)(3)."), *trans. denied. See also* Ind. Appellate Rule 4(B) ("The Supreme Court shall have exclusive jurisdiction over . . . [s]upervision of the exercise of jurisdiction by other courts of the State of Indiana, including the issuance of writs of mandate and prohibition . . . .").

## *Conclusion*

For the foregoing reasons, we dismiss Crenshaw-Logal's appeal.

Dismissed.

Vaidik, C.J., and Bradford, J., concur.