E & L RENTAL EQUIPMENT, INC., Appellant–Defendant,

v.

Frank BRESLAND, Appellee–Plaintiff.

No. 46A05–0208–CV–368.

Court of Appeals of Indiana.

Feb. 12, 2003.

Jennifer L. Evans, Michigan City, Attorney for Appellant.

## OPINION

KIRSCH, Judge.

E & L Rental Equipment, Inc. ("E & L") appeals the trial court's judgment awarding Frank Bresland $639 on his claim that it wrongfully withheld money from his paycheck, raising the following issue for review: whether an employer may withhold money from the paycheck of an employee who has damaged property of the employer or a third party through his or her negligent acts.

We affirm.

## FACTS AND PROCEDURAL HISTORY

E & L employed Bresland as a truck driver. At some point, Bresland drove his company truck while it needed repair, ignoring an E & L express directive and causing eight tires, valued at one hundred dollars each, to be ruined. E & L's manager, Richard Loniewski, informed Bresland that he would have to pay for the damage. Loniewski proposed withholding one hundred dollars from Bresland's paycheck each week until Bresland paid for the damage in full. Bresland objected to the amount, and the parties agreed that fifty dollars per check should be withheld. In a separate incident, Bresland's truck collided with the vehicle of an E & L customer, resulting in damage of $2400. Again, Loniewski told Bresland that he would have to pay for the damage. Soon thereafter, Bresland quit his employment. At the time, E & L had deducted $600 in total from Bresland's checks.

Bresland brought suit against E & L, claiming that E & L wrongfully withheld the money from his paycheck and that E & L failed to pay him for three weeks of vacation time that he had earned. The

trial court awarded Bresland $600 in damages for the withheld money, plus thirty-nine dollars in court costs. E & L now appeals.

### DISCUSSION AND DECISION

The trial court entered findings of fact and conclusions thereon. Ind. Trial Rule 52(A) provides: "On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." E & L argues that the trial court's judgment awarding Bresland $600 in damages for the money it withheld from his paycheck for damages he caused was clearly erroneous.

▬ E & L first contends that the trial court lacked subject matter jurisdiction over Bresland's claim because Bresland failed to exhaust his administrative remedies. It maintains that Bresland's claim falls within the ambit of the Wage Claims statute and accordingly his claim must be submitted to the Indiana Department of Labor rather than the trial court. *See* IC 22–2–9–3.

▬ Claimants who proceed under the Wage Claims statute may not file a complaint with the trial court. *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind.2002). Rather, the wage claim is submitted to the Indiana Department of Labor. *Id.* The Wage Claims statute references employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute. *Id.* By contrast, the Wage Payment statute[1] applies to current employees and those who have voluntarily left

employment, either permanently or temporarily. *Id.* The Wage Payment statute does not require a claimant to submit his or her claim to the Indiana Department of Labor before filing suit.

Here, in deciding whether Bresland was entitled to unemployment benefits, the Indiana Department of Workforce Development determined that he voluntarily left his employment with E & L. *Exhibits* at 4. Thus, Bresland's claim should be decided under the Wage Payment statute, rather than the Wage Claims statute. Because the Wage Payment statute does not require a claimant to pursue an administrative remedy, the trial court had subject matter jurisdiction over Bresland's claim.

▬ The Wage Payment statute is a penal statute which, being in derogation of the common law, must be strictly construed. *Huff v. Biomet, Inc.*, 654 N.E.2d 830, 835 (Ind.Ct.App.1995), *abrogated on other grounds by St. Vincent Hosp.*, 766 N.E.2d at 704–05. It states:

> "Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, *the amount due* the employee. The payment shall be made in lawful money of the United States, by negotiable check, draft, or money order, or by electronic transfer to the financial institution designated by the employee. Any contract in violation of this subsection is void."

IC 22–2–5–1(a) (emphasis added). The statute governs not only the frequency, but also the amount an employer must pay its employee. *St. Vincent Hosp.*, 766 N.E.2d at 704. Bresland contended that E & L

---

1. IC 22–2–5–1.

violated the statute because it failed to pay him "the amount due." E & L maintains that the amount it paid Bresland was the amount due after the lawful deduction for property damage he caused.

■ IC 22–2–6–1(a) states that "[a]ny direction given by an employee to an employer to make a deduction from the wages to be earned by said employee, after said direction is given, shall constitute an assignment of the wages of said employee." IC 22–2–6–2 provides that to be valid, an assignment of wages must be in writing, signed by the employee, revocable at any time by the employee upon written notice to the employer, and agreed to in writing by the employer. An executed copy of the assignment must be delivered to the employer within ten days after its execution. Finally, the assignment must be made for one of the purposes described in IC 22–2–6–2(b), which includes items like paying insurance premiums or union dues, and purchasing shares of the employer's stock, but does not include reimbursement for property damage.

Here, the plain language of the statute demonstrates that E & L's deductions from Bresland's wages were improper and therefore supports the trial court's determination that E & L was liable for the amounts it deducted. All deductions from wages constitute an assignment, which must meet specified statutory requirements. The evidence at trial indicated that the parties did not have a written agreement to deduct the amounts from Bresland's check and that the deductions were for a purpose not authorized by the statute.

■ This conclusion is consistent with the public policy in this state favoring prompt payment of wages owed to employees. As Justice Boehm, concurring with the majority in *St. Vincent Hosp.*, observed in the context of the Wage Payment statute:

> "[T]he vast majority of workers [ ] are dependent on their paychecks for their day-to-day expenses. These employees need the money currently, not at the end of protracted litigation, and often do not have the economic staying power to engage in a court battle over relatively small amounts.... As applied to claims of most workers this is very understandable legislative policy."

*St. Vincent Hosp.*, 766 N.E.2d at 706 (Boehm, J., concurring). Moreover, we note the potential for abuse by employers were we to decide otherwise, as the predominate employment arrangement in this state is employment at will. Nonetheless, we need not decide this case on public policy grounds, but rather on the plain language of the statute, which embodies the legislature's clear policy determination. The trial court's conclusion was not clearly erroneous.

Affirmed.

SULLIVAN, J., and SHARPNACK, J., concur.