Jeffrey L. GAVIN on Behalf of Himself
and All Others Similarly Situated,
Appellant–Plaintiff,

v.

CALCARS AB, INC. and Astra
Financial, Inc., Appellees–
Defendants.

No. 49A05–1007–PL–501.

Court of Appeals of Indiana.

Dec. 29, 2010.

Ronald E. Weldy, Weldy & Associates, Indianapolis, IN, Attorney for Appellant.

Donn H. Wray, Mickey J. Lee, Stewart & Irwin, P.C., Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jeffrey Gavin appeals the trial court's grant of summary judgment in favor of Calcars AB, Inc. and Astra Financial Services, Inc. (collectively "Calcars") on Gavin's complaint seeking damages under the Wage Payment Statute. The parties dispute whether the Wage Payment Statute or the Wage Claims Statute applies to this wage dispute. Gavin presents a single dispositive issue for our review, namely, whether the trial court erred when it concluded that Gavin's claims are governed by the Wage Claims Statute and are barred as a matter of law because he did not first file his claims with the Indiana Department of Labor.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Gavin worked for Calcars from 2004 until his involuntary termination from employment in April 2007. On June 6, 2007, Gavin filed a complaint against Calcars alleging that he and others similarly situated to him were "not timely paid" their

wages and "had monies deducted from their wages in violation of the Wage Deductions Statute[.]" Appellant's App. at 48. In 2010, Calcars moved for summary judgment alleging that Gavin's claims fall under Indiana's Wage Claims Statute, which requires claimants to submit claims to the Indiana Department of Labor prior to filing a complaint with the trial court. Calcars argued that because Gavin did not first submit his claims to the Department of Labor, his complaint was barred as a matter of law. The trial court granted that motion following a hearing. Gavin filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

We review a summary judgment order de novo. *Bules v. Marshall County,* 920 N.E.2d 247, 250 (Ind.2010). The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *Shelter Ins. Co. v. Woolems,* 759 N.E.2d 1151, 1153 (Ind.Ct.App. 2001), *trans. denied.* We must determine whether the evidence that the parties designated to the trial court presents a genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Bules,* 920 N.E.2d at 250. We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Bules,* 920 N.E.2d at 250.

■ Indiana Code Section 22–2–5–1 ("Wage Payment Statute") governs both the frequency of wages paid to employees and the amount to be paid. Indiana Code Section 22–2–9–2 ("Wage Claims Statute") "also concerns disputes over the amount of wages due and provides for the recovery of liquidated damages and attorney's fees." *See St. Vincent Hosp. and Health Care*

*Ctr., Inc. v. Steele,* 766 N.E.2d 699, 704–05 (Ind.2002). These two statutes "set forth two different procedural frameworks for wage disputes" and "each statute applies to different categories of claimants." *Id.* at 705. The Wage Claims Statute requires that a claimant submit his claim to the Department of Labor prior to filing a complaint. *See* Ind.Code § 22–2–9–4; *see also E & L Rental Equipment, Inc. v. Bresland,* 782 N.E.2d 1068, 1070 (Ind.Ct.App. 2003). And as our supreme court explained in *Steele:*

> The Wage Claims Statute references employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute. I.C. § 22–2–9–2(a), (b). By contrast, the Wage Payment Statute references current employees and those who have voluntarily left employment, either permanently or temporarily. I.C. § 22–2–5–1(b).

766 N.E.2d at 705. Thus, it is the claimant's status at the time suit is filed that determines whether the Wage Payment Statute or Wage Claims Statute applies to the wage claim. Where, as here, a claimant brings a wage dispute after being involuntarily terminated from employment, he must bring his claim under the Wage Claims Statute. *See, e.g., J Squared, Inc. v. Herndon,* 822 N.E.2d 633, 640 n. 4 (Ind. Ct.App.2005) (noting that Wage Claims Statute applies where an employee brings a wage dispute claim after being fired).

■ Nonetheless, Gavin contends that he is entitled to bring his claim under the Wage Payment Statute, which does not require that the claimant submit his claim to the Department of Labor prior to filing a complaint. In support of that contention, Gavin relies on a footnote in *McCausland v. Walter USA, Inc.,* 918 N.E.2d 420, 424 n. 2 (Ind.Ct.App.2009), *trans. denied.*

But we decline to follow that footnote. As our supreme court made clear in *Steele*, "each statute applies to different categories of claimants." 766 N.E.2d at 705. Again, where, as here, a claimant initiates a wage dispute after being involuntarily terminated from employment, he must bring his claim under the Wage Claims Statute. *See id.*

It is undisputed that Gavin did not submit his claims to the Department of Labor prior to filing his complaint with the trial court. Accordingly, his complaint is barred as a matter of law. *See* Ind.Code § 22–2–9–4. The trial court did not err when it entered summary judgment in favor of Calcars.

Affirmed.

DARDEN, J., and BAILEY, J., concur.