Robert **HOLLIS** and **Keisha Hollis**, on Behalf of Themselves and all Others Similarly Situated, Appellants–Plaintiffs,

v.

**DEFENDER SECURITY COMPANY** d/b/a Defender Direct, Appellee– Defendant.

No. 49A02–1004–PL–464.

Court of Appeals of Indiana.

Jan. 21, 2011.

Ronald E. Weldy, Weldy & Associates, Indianapolis, IN, Attorney for Appellants.

David E. Wright, Kevin D. Koons, Kroger Gardis & Regas, LLP, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BARNES, Judge.

**Case Summary**

Robert Hollis on behalf of himself and all others similarly situated appeals the

trial court's dismissal of his wage claims.[1] We affirm.

### Issues

Robert raises three issues, which we consolidate and restate as whether the trial court properly dismissed his claims against Defender Security Company d/b/a Defender Direct ("Defender").

### Facts

Keisha Hollis began working for Defender in October 2005, selling ADT Security systems. In March 2007, Defender hired Robert. During his employment, Robert sold Dish TV systems and ADT Security systems and was paid a commission based on his sales. Robert was "involuntarily separated" from Defender on April 21, 2009. Appellants' App. p. 97. Keisha was "voluntarily separated" from Defender on September 10, 2009. *Id.*

On September 21, 2009, Robert and Keisha, on behalf of themselves and all others similarly situated, filed a complaint alleging that Defender had violated the Wage Payment Statute by failing to pay agreed wages in a timely fashion. On November 23, 2009, Defender filed a motion to dismiss Robert's claims.[2] On February 16, 2010, after the matter was fully briefed, the trial court issued an order dismissing Robert's claims. After seeking and obtaining permission to pursue an interlocutory appeal, Robert now appeals.

### Analysis

■ Robert argues that the trial court improperly granted Defender's motion to dismiss because his claims were brought under the Wage Payment Statute and, as such, he was not required to submit them to the Department of Labor ("DOL"). Our review of a trial court's ruling on an Indiana Trial Rule 12(B)(1) motion to dismiss where the facts before the trial court are undisputed, as here, is de novo. *See Reel v. Clarian Health Partners, Inc.*, 917 N.E.2d 714, 717–18 (Ind.Ct. App.2009), *trans. denied.*

Indiana Code Chapter 22–2–5 is commonly referred to as the Wage Payment Statute. Indiana Code Section 22–2–5–1 provides:

(a) Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee. The payment shall be made in lawful money of the United States, by negotiable check, draft, or money order, or by electronic transfer to the financial institution designated by the employee. Any contract in violation of this subsection is void.

(b) Payment shall be made for all wages earned to a date not more than ten (10) business days prior to the date of payment. However, this subsection does not prevent payments being made at shorter intervals than specified in this subsection, nor repeal any law providing for payments at shorter intervals. However, if an employee voluntarily leaves employment, either permanently or temporarily, the employer shall not be required to pay the employee an amount due the employee until the next usual and regular day for payment of wages, as established by the employer. If an

---

1. Defender also sought the dismissal of the claims of any involuntarily separated putative class members. For purposes of this appeal, we address all of those claims as Robert's claims.

2. Defender did not seek the dismissal of Keisha's or any other voluntarily separated employee's claims. Accordingly, those claims are not before us today.

employee leaves employment voluntarily, and without the employee's whereabouts or address being known to the employer, the employer is not subject to section 2 of this chapter until:

(1) ten (10) business. days have elapsed after the employee has made a demand for the wages due the employee; or

(2) the employee has furnished the employer with the employee's address where the wages may be sent or forwarded.

Indiana Code Section 22–2–5–2 provides for the recovery of liquidated damages, costs, and reasonable attorney fees where an employer fails to make payments as required by Indiana Code Section 22–2–5–1. In interpreting this statute, our supreme court has concluded, "the plain, ordinary, and usual meaning of the phrases 'all wages' and 'amount due' unambiguously establishes that the legislature intended the Wage Payment Statute to govern not only the frequency but also the amount an employer must pay its employee." *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 704 (Ind.2002).

Indiana Code Chapter 22–2–9, commonly referred to as the Wage Claims Statute, also concerns disputes over the amount of wages due and provides for the recovery of liquidated damages and attorney fees. *See id.* at 704–05. According to Indiana Code Section 22–2–9–2(a), "Whenever any employer separates any employee from the pay-roll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred . . . ." Regarding the Wage Claims Statute, the *Steele* court explained, "Claimants who proceed under this statute may not file a

complaint with the trial court. Rather, the wage claim is submitted to the Indiana Department of Labor." *Id.* at 705.

It then becomes "the duty of the commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter." I.C. § 22–2–9–4(a). . . . . Further, the commissioner may take assignments of wage claims under $800 [3] and refer wage claims to the Attorney General, who may then initiate a civil action on behalf of the wage claimant or refer the wage claim to a private attorney. I.C. §§ 22–2–9–4(b), –5. Claimants whose lawsuits have been initiated by the Attorney General or the Attorney General's designee are entitled to recover liquidated damages and attorney fees as set forth in Indiana Code section 22–2–5–2. I.C. § 22–2–9–4(b).

*Id.*

Steele was a doctor who, at all times, was employed by St. Vincent. A dispute arose regarding St. Vincent's obligation to reimburse Steele for certain treatments he provided to patients. Steele filed a complaint against St. Vincent alleging breach of contract for failure to pay the full amount of compensation due under the terms of their agreement and for violation of the Wage Payment Statute.

In determining whether the Wage Payment Statute or the Wage Claims Statute applied to Steele's claim, the *Steele* court explained, "Although both the Wage Claims Statute and the Wage Payment Statute set forth two different procedural

---

3. The current version of Indiana Code Section 22–2–9–5 references "claims of less than six thousand dollars."

frameworks for wage disputes, each statute applies to different categories of claimants." *Id.* The court observed:

> The Wage Claims Statute references employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute. I.C. § 22–2–9–2(a), (b). By contrast, the Wage Payment Statute references current employees and those who have voluntarily left employment, either permanently or temporarily. I.C. § 22–2–5–1(b).

*Id.* (emphasis added). The *Steele* court concluded, "Because Dr. Steele was a current employee of St. Vincent at the time of the wage dispute, he proceeded correctly under the Wage Payment Statute." *Id.*

Based on the *Steele* court's reference to "wage disputes," Robert argues that whether to proceed under the Wage Payment Statute or the Wage Claims Statute depends on an employee's status when the claim accrues as opposed to the employee's status when he or she files the claim. Specifically, Robert contends that the Wage Payment Statute applies because he is seeking payment only for alleged violations that occurred while he was an employee of Defender. According to Robert's argument, the fact that he was involuntarily separated from Defender before he filed his complaint is irrelevant because he is not alleging a violation of the Wage Claims Statute.

Based on Robert's proposed application of the statutory framework, an involuntarily separated employee would have to file a complaint based on the Wage Payment Statute for alleged violations that occurred prior to the separation and then submit a separate claim with the DOL under the Wage Claims Statute for alleged violations that occurred during the final pay period. It also seems that Robert's interpretation would remove all but the last of an involuntarily separated employee's claims from the purview of the Department of Labor.[4] Defender asserts that requiring involuntarily separated employees to submit all of their claims to the DOL weeds out frivolous or trivial claims filed by disgruntled involuntarily separated employees. *See, e.g., Lemon v. Wishard Health Servs.*, 902 N.E.2d 297, 301–02 (Ind.Ct.App.2009) ("The purpose of Indiana Code section 22–2–9–4, however, is to create a barrier to claims to be filed in court. The statute makes it clear that a claim must work its way through the proper channels—the DOL and, if need be, the Attorney General—before it may be brought into court."), *trans. denied.*

Robert's argument is based on a footnote in *McCausland v. Walter USA, Inc.*, 918 N.E.2d 420, 424 n. 2 (Ind.Ct.App.2009), *trans. denied*, in which a panel of this court stated:

> Walter claims that McCausland may not bring any claims under the Wage Payment Statute because he was fired. However, McCausland's claims concern the alleged untimely payment of commissions, bonuses, and vacation pay that he received while still employed with Walter and unpaid commissions he did not receive after his termination. Therefore, we conclude that he properly brought claims under both the Wage Payment Statute and the Wage Claims Statute. *See* Ind.Code §§ 22–2–5–1; 22–2–9–2.

The parties dispute whether this statement is dicta and debate the precedential value

---

**4.** Robert asserts that the Wage Claims Statute applies only to wages "earned during the final pay period, deferred compensations like vacation wages, and commissions and bonuses that were earned prior to separation, but for which the condition precedent(s) for payment occurs after separation." Appellants' Reply Br. p. 3.

of footnotes generally. Regardless, based on our supreme court's reference to "categories of claimants" in *Steele*, we believe the relevant inquiry is to the status of the employee at the time his or her claim is filed. To the extent that *McCausland* can be construed to require otherwise, we disagree. *See Gavin v. Calcars AB, Inc. & Astra Fin., Inc.*, 938 N.E.2d 1270 (Ind.Ct. App.2010) (declining to follow the *McCausland* footnote and concluding, based on *Steele*, that "it is the claimant's status at the time suit is filed that determines whether the Wage Payment Statute or the Wage Claims Statute applies to a wage claim.").

We conclude that an employee's status at the time he or she files the claim is the relevant inquiry in determining whether to proceed under the Wage Payment Statute or the Wage Claims Statute. Robert was involuntarily separated from Defender when he filed his claims and, as such, his claims fell under the Wage Claims Statute.[5] Instead of submitting his claims to the DOL, as required by Wage Claims Statute, Robert improperly filed a complaint based on the Wage Payment Statute. Because Robert did not allege any Wage Claims Statute violations and submit his claims to the DOL, the trial court properly dismissed Robert's claims.

### Conclusion

The trial court properly granted Defender's motion to dismiss Robert's claims because he did not submit them to the DOL as required by the Wage Claims Statute. We affirm.

BAKER, J., and VAIDIK, J., concur.

---

5. Defender concedes that Robert "could have filed a direct action before his separation on claims that accrued earlier." Appellee's Br. p. 6.