Anna **QUIMBY,** Appellant–Plaintiff,

v.

**BECOVIC MANAGEMENT GROUP, INC.,** Appellee–Defendant.

No. 49A05–0912–CV–747.

Court of Appeals of Indiana.

March 8, 2011.

Rehearing Denied May 18, 2011.

Ronald E. Weldy, Weldy & Associates, Indianapolis, IN, Attorney for Appellant.

Donald D. Levenhagen, Landman & Beatty, Lawyers, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Anna Quimby appeals the dismissal of her wage claim against Becovic Management Group. As she assigned that claim to the Department of Labor, where it was resolved, we affirm.

## FACTS AND PROCEDURAL HISTORY

Quimby left her employment with Becovic Management Group in May of 2008. On October 23, 2008, she made an "Application for Wage Claim" with the Indiana Department of Labor (DOL). (App. at 32.) Immediately above her signature, the form stated, "Pursuant to IC 22–2–9–5, I hereby assign to the Commissioner of Labor all my rights, title and interest in and to the above certified claim for processing in accordance with the provisions of IC 22–2–9–1, et seq." (*Id.*) Quimby claimed Becovic owed her $787.31 for hours she worked but for which she was not paid, and for vacation time she had accrued. The DOL investigated the claim and determined certain deductions were not properly made, and it directed Becovic to pay Quimby $590.39. Becovic sent Quimby a check for that amount dated April 20, 2009, and she cashed it.

On May 13, 2009, Quimby brought an action in the Marion Superior Court under the Wage Payment statute, Ind.Code § 22–2–2 *et seq.*, alleging Becovic had not paid wages and commissions she had earned and for vacation time she had not used. After a hearing, the trial court

granted Becovic's motion to dismiss on the grounds it lacked subject matter jurisdiction and Quimby had not stated a claim on which relief could be granted.

## DISCUSSION AND DECISION

■■■ The trial court did not err in dismissing Quimby's action for failure to state a claim on which relief could be granted, as she had assigned her claim and was no longer the real party in interest.[1] A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. *Babes Showclub, Jaba, Inc. v. Lair*, 918 N.E.2d 308, 310 (Ind.2009). Review of a grant or denial of a motion based on Ind. Trial Rule 12(B)(6) is therefore *de novo*. *Id.* When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Id.* We may affirm the judgment of the trial court on any legal theory supported by the evidence of record. *Meyer v. Meyer*, 756 N.E.2d 1049, 1051 n. 4 (Ind. Ct.App.2001).

■■■ Claimants who proceed under the Wage Claim statute submit their claim to the DOL rather than filing a complaint with the trial court. *E & L Rental Equipment, Inc. v. Bresland*, 782 N.E.2d 1068, 1070 (Ind.Ct.App.2003) (citing *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind.2002)). The Wage Claim statute, by its very language, applies to employees who have been separated from work by their employer and to employees whose work has been suspended as a result of an industrial dispute. *Id.*

■■■ The Wage Payment statute, by contrast, applies to current employees and those who voluntarily left employment. *Id.* The Wage Payment statute does not require a claimant to pursue an administrative remedy, so the trial court has subject matter jurisdiction over claims made under the Wage Payment statute. *Id.* In *Bresland*, we determined Bresland's claim should have been decided under the Wage Payment statute, rather than the Wage Claim statute, because Bresland voluntarily left his employment. *Id.*

■■■ Therefore, Quimby, who voluntarily left her employment, should have brought her claim in court under the Wage Payment statute.[2] Nevertheless, she brought it to the DOL, the DOL accepted it, and the DOL obtained a resolution for her.[3] We decline to hold an employee,

1. We therefore need not address whether the court lacked subject matter jurisdiction. Failure to state a claim on which relief can be granted includes "failure to name the real party in interest under Rule 17." T.R. 12(B)(6).

2. Another panel of this court recently provided an enlightening discussion of the interplay between the Wage Claim statute and the Wage Payment statute in *Hollis v. Defender Security Co.*, 941 N.E.2d 536 (Ind.Ct.App. 2011). The *Hollis* panel determined "an employee's status at the time he or she files the claim [and not the time the claim accrues] is the relevant inquiry in determining whether to proceed under the Wage Payment Statute or the Wage Claims Statute." *Id.*, 941 N.E.2d at 540. As Quimby brought her claim after she

voluntarily left Becovic, our conclusion that Quimby should have brought her claim under the Wage Payment statute is consistent with the *Hollis* reasoning.

3. Quimby's belief that she could proceed in court, even after she assigned her claim to the DOL and the DOL investigated it, is understandable. Quimby made her claim with the DOL, the DOL notified Becovic of the claim, Becovic responded, the DOL determined certain deductions Becovic made were in violation of Indiana law, it directed Becovic to forward a check for $590.39 to Quimby, and Becovic sent that check to Quimby. One week after Becovic sent the check to Quimby, the DOL wrote Quimby saying, "Our office has attempted to resolve the above-cited wage

regardless of whether or why she is no longer employed by an employer, may bring a claim before the DOL, assign it to the DOL, and then bring the same claim[4] in court if the employee is dissatisfied with the result obtained by the DOL.

 In *E & L Rental Equip., Inc. v. Gifford,* 744 N.E.2d 1007, 1010 (Ind.Ct. App.2001), we affirmed the dismissal of Gifford's claim because he, like Quimby, assigned his claim to the Commissioner of Labor. As a result, Gifford was not the real party in interest to bring the action in the trial court. *Id.* The wage claim document Gifford signed and filed with the DOL contained the same language as did Quimby's: "I hereby assign to the Commissioner of Labor all my rights, title and interest in and to the above certified claim for processing" in accordance with Ind. Code § 22–2–9–1 *et seq. Id.* at 1011. We determined that language demonstrated Gifford's "intent to assign this claim clearly and unconditionally to the Commissioner of Labor," *id.,* with the result that

Gifford was not the real party in interest to bring the action in the trial court. *Id.* Under T.R. 12(B)(6), when the real party in interest does not ratify, substitute or join the action, the remedy for an action brought by a party other than the real party in interest is dismissal. *Id.* As Quimby directs us to nothing in the record to indicate the DOL ratified, substituted, or joined her action, we cannot say dismissal was error. We accordingly affirm the trial court.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.

claim administratively without success," (*id.* at 55), and "suggest[ing] that [Quimby] file suit through the appropriate court." (*Id.*) She filed in Superior Court approximately two weeks after the DOL suggested she do so.

4. Quimby asserts she should be permitted to bring the second action, pursuant to the Wage Payment statute, because it asserts claims she had not presented to the DOL. But Indiana law prohibits aggrieved persons from splitting a claim into separate actions:

> Our decisions have consistently barred claim splitting. *See, e.g., Roby v. Eggers,* 130 Ind. 415, 422, 29 N.E. 365, 368 (1891) ("An entire claim arising from a single tort can not be divided and made the subject of several suits, however numerous the items of damages may be"). More recently, in summarizing our law on this issue, the Seventh Circuit noted Indiana's well established policy against claim splitting: "Indiana, like most other states, does not allow a party to split a single claim for relief. Multiple legal theories supporting

relief on account of one transaction must be litigated at one go." *Wabash Valley Power Ass'n, Inc. v. Rural Electrification Admin.,* 903 F.2d 445, 455 (7th Cir.1990).
>
> One obvious objective behind the rule is deterring repetitive litigation. Public resources are wasted if more than one judge and more than one jury are employed to try claims for different damage elements arising out of the same event and asserted under the same theory of recovery. The defendant also has an interest in not being subject to multiple litigation. The rule against claim splitting applies with no less force to claims arising under equitable doctrines, in this case subrogation: "A party seeking to enforce a claim, legal or equitable, must present to the court . . . all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it piecemeal[.]" *F.L. Mendez & Co. v. General Motors Corp.,* 161 F.2d 695, 698 (7th Cir.1947) (emphasis added), [*cert. denied* ].

*Erie Ins. Co. v. George,* 681 N.E.2d 183, 189–90 (Ind.1997).