In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3166

JILL L. TREAT and CODY W. TREAT,

*Plaintiffs-Appellants,*

*v.*

TOM KELLEY BUICK PONTIAC GMC, INC.,
d/b/a KELLEY SUPERSTORE, and KELLEY
AUTOMOTIVE GROUP, INC.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 08-cv-00173—**William C. Lee**, *Judge.*

ARGUED JANUARY 18, 2011—DECIDED JULY 13, 2011

Before TINDER and HAMILTON, *Circuit Judges*, and
MURPHY, *District Judge.**

HAMILTON, *Circuit Judge.* Jill and Cody Treat sued their
employer, Tom Kelley Buick Pontiac GMC, Inc., and its

---

* The Honorable G. Patrick Murphy of the Southern District
of Illinois, sitting by designation.

parent dealership group for failure to pay them their correct wages under Indiana state law. The question presented by this appeal is whether the Treats properly brought their claims under the state's Wage Payment Statute, Ind. Code § 22-2-5-1 *et seq.*, or whether their claims against Kelley arose under a different Indiana wage recovery law, known as the Wage Claims Statute, Ind. Code § 22-2-9-1 *et seq.* The district court concluded that the Treats erroneously brought their claim under the Payment Statute rather than the Claims Statute. Because the Treats had not filed their claim according to the procedure required under the Claims Statute, the court granted summary judgment to Kelley. *Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 710 F. Supp. 2d 762 (N.D. Ind. 2010), and 710 F. Supp. 2d 777 (N.D. Ind. 2010). We agree with the district court and affirm its judgment.

I. *Facts and Procedural Background*

Reviewing the district court's decision to grant summary judgment to the defendants, we take all facts in the light reasonably most favorable to the plaintiffs as the non-moving parties. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The facts material to this appeal are undisputed. Defendant-appellee Tom Kelley Buick Pontiac GMC runs a used car dealership in Fort Wayne, Indiana, as part of a group of dealerships known as the Kelley Automotive Group. Plaintiff Jill Treat began working at the dealership on July 3, 2006 as Assistant Co-Director of the Special Finance Department. She persuaded the head of the department to hire her son,

plaintiff Cody Treat, who began work in the Special Finance Department on July 10, 2006. The Treats' employment with Kelley did not last long, however. Both were fired on October 12, 2006.

Following the termination of their employment, the Treats filed a complaint in federal court alleging a variety of federal and state claims against Kelley. The district court granted Kelley's summary judgment motion on all of the Treats' claims, exercising supplemental jurisdiction over the matters of state law.

The Treats appeal only one of their substantive claims. They argue that the district court erred by dismissing their claim for unpaid wages brought under the Indiana Wage Payment Statute. They also contend that the district court abused its discretion by striking portions of Jill Treat's affidavit and attached documents, but we do not reach this issue. We conclude the Treats failed to take the necessary steps to pursue a claim under the correct Indiana state law.

II. *Discussion*

We begin by reviewing the two Indiana wage recovery statutes: the Payment Statute and the Claims Statute. Both of these statutes, and questions about their application, have received substantial attention from the Indiana state courts. Although both provide the same remedy for similar wrongs, they require distinct procedural steps before such a remedy may be granted. The question of which statute applies controls the

outcome here, so we excerpt the relevant provisions at length.

The Treats brought their suit under Indiana Code § 22-2-5-1 *et seq.*, entitled "Frequency of Wage Payments," which we refer to as the Wage Payment Statute. This statute provides in relevant part:

Payment; voluntarily leaving employment

Sec. 1. (a) Every person, firm, corporation, limited liability company, or association, their trustees, lessees, or receivers appointed by any court, doing business in Indiana, shall pay each employee at least semi-monthly or biweekly, if requested, the amount due the employee. . . .

(b) Payment shall be made for all wages earned to a date not more than ten (10) business days prior to the date of payment. However, this subsection does not prevent payments being made at shorter intervals than specified in this subsection, nor repeal any law providing for payments at shorter intervals. However, if an employee voluntarily leaves employment, either permanently or temporarily, the employer shall not be required to pay the employee an amount due the employee until the next usual and regular day for payment of wages, as established by the employer. If an employee leaves employment voluntarily, and without the employee's whereabouts or address being known to the employer, the employer is not subject to section 2 of this chapter until:

(1) ten (10) business days have elapsed after the employee has made a demand for the wages due the employee; or

(2) the employee has furnished the employer with the employee's address where the wages may be sent or forwarded.

Ind. Code § 22-2-5-1.

If an employer fails to make payment of wages in accordance with this chapter, then the employer must,

as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

Ind. Code § 22-2-5-2.

Kelley argues, and the district court held, that the Treats should have proceeded under Indiana Code § 22-2-9-1 *et seq.*, entitled "Wage Claims," which we refer to as the Wage Claims Statute. This statute provides in relevant part:

Discharge of employee; unpaid wages; payment; labor disputes

Sec. 2. (a) Whenever any employer separates any employee from the pay-roll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred . . . .

Disputes; payment of amount agreed upon

Sec. 3. In case of a dispute over wages, the employer shall give notice to the employee of the amount of wages which he concedes to be due, and shall pay such amount, without condition, within the time fixed by this chapter, but the acceptance by the employee of any payment made under this chapter shall not constitute a release as to any balance of his claim.

Ind. Code §§ 22-2-9-2 and -3.

When such a dispute arises between an employer and a fired employee, the Claims Statute makes it the "duty of the [Indiana] commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter." Ind. Code § 22-2-9-4(a). The commissioner may refer claims to the state attorney general, who may then initiate a civil action on behalf of the claimant or refer the claimant to an attorney. See Ind. Code § 22-2-9-4(b).

Under the Claims Statute, claimants are entitled to recover liquidated damages and attorney fees as set forth in Ind. Code § 22-2-5-2, the same provision that allows for recovery under the Payment Statute. Thus,

although the ultimate remedy under either statute is the same, a claimant under the Claims Statute must proceed through the Indiana commissioner of labor, who has the duty of investigating a claim and instituting an action on behalf of a claimant, whereas the Payment Statute permits a claimant to bring his or her own claim in "any court having jurisdiction." Ind. Code § 22-2-5-2.

The Treats argue that they properly filed their complaint in the district court rather than with the commissioner of labor because, they maintain, their claims are governed by the Payment Statute. We disagree. The language of the Indiana Code suggests, and the Indiana state courts have repeatedly confirmed, that the Payment Statute provides an avenue for relief to employees seeking unpaid wages who voluntarily leave their employment or who remain employed and whose wages are overdue. The Claims Statute, on the other hand, applies to employees seeking unpaid wages after their employer has fired them. Here, all agree that the termination of the Treats' employment was involuntary. The Treats' claims therefore arise under the Claims Statute.

In *St. Vincent Hospital and Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002), the Indiana Supreme Court taught that the two statutes apply to different, mutually exclusive categories of claimants — those fired by their employers, and those who left voluntarily or are still employed. Dr. Steele filed a complaint suing his employer for violating the Payment Statute by failing to pay him the full amount of compensation due under the parties' agreement. Throughout the dispute and the subsequent litigation, Dr. Steele

remained an employee of St. Vincent. The court found that because Dr. Steele was a current employee at the time of the wage dispute, he proceeded correctly under the Payment Statute. The court explained:

> The Wage Claims Statute references employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute. I.C. § 22-2-9-2(a)(b). By contrast, the Wage Payment Statute references current employees and those who have voluntarily left employment, either permanently or temporarily. I.C. § 22-2-5-1(b).

766 N.E.2d at 705. Although this pronouncement from the court was not central to its holding in that case, it was a clear indication of the Indiana Supreme Court's view. Our job in this case is to apply the state law as we predict the state supreme court would. See *Lewis v. Methodist Hospital, Inc.*, 326 F.3d 851, 856 (7th Cir. 2003).

Following *Steele*, the Indiana Court of Appeals has applied and interpreted the two statutes and the state supreme court's language in several decisions. One favors the Treats' position and the others weigh against it. The Treats rely on *McCausland v. Walter USA, Inc.*, 918 N.E.2d 420 (Ind. App. 2009), in which the plaintiff filed a complaint against his employer for violations of both the Payment Statute and the Claims Statute. First, McCausland claimed that his employer failed to timely pay him sales commissions, bonuses, and vacation pay throughout the course of his employment as required by the Payment Statute. Second, he claimed that the

employer failed to pay him earned sales commissions following his termination, so that he was also entitled to damages under the Claims Statute for those wrongs.

The Court of Appeals affirmed the trial court's summary judgment in favor of the employer. In a footnote, the court explained:

> Walter [the employer] claims that McCausland may not bring any claims under the Wage Payment Statute because he was fired. However, McCausland's claims concern the alleged untimely payment of commissions, bonuses, and vacation pay that he received while still employed with Walter and unpaid commissions he did not receive after his termination. Therefore, we conclude that he properly brought claims under both the Wage Payment Statute and the Wage Claims Statute.

918 N.E.2d at 424 n.2. We agree with the Treats that the statutes are ambiguous as applied in a case like the Treats' that combines claims that arose both during employment and after firing. If the *McCausland* footnote were the only solid evidence of Indiana law, it would carry more weight. But the *McCausland* footnote did not cite or address the Indiana Supreme Court's dictum in *Steele*. Several other Court of Appeals decisions have followed the *Steele* dictum, and one specifically rejected the *McCausland* footnote.[1]

---

[1] The *McCausland* footnote might be distinguished on a narrow factual basis because the claims that arose during employment in that case were only for late payment, not for

(continued...)

In *Gavin v. Calcars AB, Inc.*, 938 N.E.2d 1270 (Ind. App. 2010), a former employee filed a complaint against his employer after he was fired. Relying on the Indiana Supreme Court's guidance in *Steele*, the Court of Appeals determined that when a claimant "brings a wage dispute after being involuntarily terminated . . . he must bring his claim under the Wage Claims Statute." 938 N.E.2d at 1271. The court declined to follow the language in the *McCausland* footnote and concluded that the plaintiff's claim was barred as a matter of law because he did not file his complaint with the state commissioner of labor as required by the Claims Statute. See *id.* at 1271-72.

The Court of Appeals applied the same reasoning in *Hollis v. Defender Security Co.*, 941 N.E.2d 536 (Ind. App. 2011), in which Hollis had been fired and then sued his employer for violating the Payment Statute by failing to pay agreed wages in a timely fashion. 941 N.E.2d at 537. Hollis argued that the Payment Statute applied because he sought payment only for violations that occurred while he was an employee. Looking to *Steele*, the Court of Appeals rejected Hollis's reasoning: "Based on [Hollis's] proposed application of the statutory framework, an involuntarily separated employee would have to file a complaint

---

[1] (...continued)

underpayment, but neither the statutory language nor the court's opinion indicates that such a distinction should carry any weight.

based on the Wage Payment Statute for alleged violations that occurred prior to the separation and then submit a separate claim with the DOL under the Wage Claims Statute for alleged violations that occurred during the final pay period." *Id.* at 539. "It also seems that [Hollis's] interpretation would remove all but the last of an involuntarily separated employee's claims from the purview of the Department of Labor." *Id.* The *Hollis* court concluded that an employee's status at the time the claim is filed determines whether the employee must proceed under the Payment Statute or the Claims Statute, and the court upheld the trial court's dismissal of claims of the fired Hollis under the Payment Statute. See *id.* at 540; see also *Quimby v. Becovic Management Group, Inc.*, 946 N.E.2d 30, 33-34 (Ind. App. 2011) (affirming judgment in favor of employer where employee, who voluntarily left her employment, had already recovered for her lost wages through the department of labor even though she could have brought her claim in court under the Payment Statute); *E & L Rental Equipment, Inc. v. Bresland*, 782 N.E.2d 1068, 1070 (Ind. App. 2003) (holding that employee who quit voluntarily should have brought his claim under the Payment Statute rather than the Claims Statute). The plaintiffs in *Hollis* and *Gavin* petitioned the Indiana Supreme Court for transfer. After consolidating their claims for review, the court denied both petitions on June 22, 2011.

To support their position that the employment status of an employee at the time a wage claim arises, that is, when the discrepancy in pay arises, determines which statute should apply, the Treats also rely on two federal

decisions, *Anderson v. Northeast Otolaryngology, P.C.*, 2006 WL 2331142, at *2 (S.D. Ind. Aug. 10, 2006), *objections overruled*, 2006 WL 3487333 (S.D. Ind. Dec. 1, 2006), and *Harney v. Speedway SuperAmerica, LLC*, 2007 WL 2710824, at *3-*5 (S.D. Ind. Sept. 13, 2007), but neither counters the weight of the *Steele* dictum and the other Indiana Court of Appeals decisions.

The issue in *Anderson v. Northeast Otolaryngology* was whether the plaintiff had filed her wage claims within the statute of limitations. See 2006 WL 2331142, at *2. The case sheds no light on the issue in this case. In fact, the plaintiff in *Anderson* had filed a complaint with the commissioner of labor and was proceeding properly under the Claims Statute, as is evident from the complaint in the case. See Complaint, Docket Entry No. 1, Cause No. 1:06-cv-0037 (S.D. Ind. Jan. 10, 2006).

The Treats' reliance on *Harney v. Speedway SuperAmerica, LLC* is also misplaced. The plaintiffs in that case were store managers who claimed that they were paid bonuses too late under both the Payment Statute and Claims Statute. The district court granted summary judgment to the employer on the merits, but also stated in dictum that claims for bonuses that the fired *Harney* plaintiffs did not receive before being fired were governed by the Claims Statute, while those paid when the plaintiffs were still employed, though past the time due, would be governed by the Payment Statute. See 2007 WL 2710824, at *3. In light of the ambiguity in the statutes, the district court's dictum in *Harney* is a reasonable way to interpret them in a case mixing pre-firing and post-firing

claims. But in light of the more recent Indiana Court of Appeals decisions and the Indiana Supreme Court's decisions to deny review, our best prediction at this point is that the Indiana Supreme Court would agree with *Hollis* and *Gavin* and the district court's analysis in this case. The Treats' claims for unpaid wages here fell under the Wage Claims Statute. They cannot recover under the Wage Payment Statute on the claims for unpaid wages they brought after they were fired.

The district court's judgment is AFFIRMED.