# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**PHILIP J. GIBBONS, JR.**
**ANDREW G. JONES**
Gibbons Jones, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**F. LARKIN FORE**
Fore Miller & Schwartz
Louisville, Kentucky

**MICHAEL T. YATES**
**RYAN S. ROSS**
More Miller Yates & Ross
Fort Wayne, Indiana

FILED

Mar 05 2012, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDY L. WALCZAK, Individually and on behalf of those similarly situated, | ) | |
| | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1109-PL-509 |
| | ) | |
| LABOR WORKS-FORT WAYNE, LLC, d/b/a LABOR WORKS, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Stanley A. Levine, Judge
Cause No. 02D01-1002-PL-31

**March 5, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Brandy L. Walczak, on behalf of herself and all others similarly situated, appeals the trial court's grant of summary judgment in favor of Labor Works – Fort Wayne, LLC (Labor Works) in her action for unpaid wages. Walczak frames the issue in this dispute as one of standing, i.e., whether she has standing to sue for improper payroll deductions and unpaid wages under Ind. Code Ann. § 22-2-5-1 et seq. (West, Westlaw through end of 2011 1st Regular Sess.) (the Wage Payment Statute) and I.C. § 22-2-6-1 et seq. (West, Westlaw through end of 2011 1st Regular Sess.) (the Wage Deduction Statute). We address the following related but different issue: Did the trial court have subject-matter jurisdiction over Walczak's lawsuit?

We reverse and remand with instructions.

The relevant facts are that Labor Works is a company that provides temporary day-laborer services to businesses in the Fort Wayne area. Those businesses communicate to Labor Works that they will need a certain number of laborers on specified days to perform specified tasks. In order to meet the need for laborers, Labor Works selects persons who have appeared at its facility on the day in question, having already completed certain steps to become eligible to accept an assignment for work. These steps include: (1) the completion of a pre-employment form, providing information such as work history and hours of availability, (2) submit to an interview with a Labor Works representative; and (3) sign forms pertaining to (a) Labor Works's substance-abuse policy, (b) agreements that the applicant will reimburse Labor Works in the event the employee loses or destroys work equipment provided by Labor Works, and (c) the applicant's agreement to pay transportation costs to and from work sites in the event that the applicant uses Labor Works transportation.

After passing Labor Works's vetting process, applicants appear at Labor Works's facility in the morning, where they might receive a work assignment, although none is guaranteed. The assignment is good for one day only and the applicant is paid for work at the end of the day on which it was performed.

Beginning on December 20, 2009, and continuing until March 9, 2010, Walczak sought work through Labor Works on a sporadic basis. Of relevance in this appeal, she was hired by Labor Works to work on January 27, 2010. She did not seek work on January 28, but did report to Labor Works on January 29. No work was offered to her on that day. She did not seek work again at Labor Works until February 2. Meanwhile, on February 1, 2010, Walczak filed a lawsuit on behalf of herself and others similarly situated against Labor Works alleging violations of the Wage Payment Statute and the Wage Deduction Statute.

On October 22, 2010, Labor Works filed a motion for summary judgment. Citing I.C. § 22-2-9-2 et seq. (West, Westlaw through end of 2011 1st Regular Sess.) (the Wage Claims Statute), Labor Works contended that Walczak did not have a right to file her lawsuit and that the court did not have jurisdiction over her claim. The Wage Claims Statute states, in relevant part, as follows:

> Whenever any employer separates any employee from the pay-roll, the unpaid wages or compensation of such employee shall become due and payable at regular pay day for pay period in which separation occurred: Provided, however, [t]hat this provision shall not apply to railroads in the payment by them to their employees.

I.C. § 22-2-9-2(a). Moreover, I.C. § 22-2-9-4 (West, Westlaw through end of 2011 1st Regular Sess.), provides that actions brought under the Wage Claims Statute must be resolved as follows:

3

It shall be the duty of the commissioner of labor to enforce and to insure compliance with the provisions of this chapter, to investigate any violations of any of the provisions of this chapter, and to institute or cause to be instituted actions for penalties and forfeitures provided under this chapter. The commissioner of labor may hold hearings to satisfy himself as to the justice of any claim, and he shall cooperate with any employee in the enforcement of any claim against his employer in any case whenever, in his opinion, the claim is just and valid.

Pursuant to this provision, only the Commissioner of the Department of Labor (the DOL) may investigate and initiate such claims against the employer. Labor Works contended in its motion that Walczak did not have standing to file the lawsuit in the Allen Superior Court because the claim arose under I.C. § 22-2-9-4, pursuant to which she was required to file her claim with the DOL. This, in turn, was based upon the claim that Walczak was "separated from the pay-roll" within the meaning of I.C. § 22-2-9-2 at the time she filed her complaint. In summary, there are two separate statutes that govern actions to recover unpaid wages. One, the Wage Payment Statute, applies to current employees and employees who voluntarily leave employment, either temporarily or permanently. *See St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699 (Ind. 2002). The other, the Wage Claims Statute, governs actions involving employees who were involuntarily separated from employment at the time the claim was filed. The parties agree that this appeal turns upon the determination of which statute applies to Walczak.

We note first Walczak's argument that the Wage Claims Statute applies only in cases where the claimant was fired (or whose work was suspended due to a labor dispute). Because Walczak was not "fired" in the traditional sense of that term, so the argument goes, then the Wage Claims Statute does not apply. The trial court rejected this argument in

4

granting summary judgment in favor of Labor Works. We decline to address this argument, however, because we conclude that this matter must first be submitted to the DOL for resolution.

In *Reel v. Clarian Health Partners, Inc.*, 917 N.E.2d 714 (Ind. Ct. App. 2009), *trans. denied*, three former employees, on behalf of themselves and other employees involuntarily separated from their former employer, filed a proposed class action against their former employer alleging the employer did not timely pay paid-time-off wages as required by the Wage Claims Statute. The employer filed a Trial Rule 12(B)(1) motion to dismiss their claim for lack of subject matter jurisdiction on grounds that the Wage Claims Statute required that their cause must first be submitted to the DOL. This court affirmed, holding that a claim arising under the Wage Claims Statute must first be submitted to the DOL before the aggrieved part is entitled to file a lawsuit in court. The court stated, "because these proposed class members did not first pursue administrative proceedings, the trial court did not have subject matter jurisdiction over their purported wage claims." *Id.* at 720.

Similarly, in *Hollis v. Defender Sec. Co.*, 941 N.E.2d 536 (Ind. Ct. App. 2011), *trans. denied,* a former employee brought an action against his former employer on behalf of himself and others alleging that his former employer had violated the Wage Payment Statute by failing to pay agreed wages in a timely fashion. The employer filed a motion to dismiss the claim on grounds that the employee had failed to exhaust his administrative remedies. The dispositive issue in that case was whether the claim was properly designated as arising under the Wage Claims Statute or the Wage Payment Statute. The trial court granted the motion, concluding that the claim arose under the Wage Claims Statute. The pivotal

5

determination in that case was that "an employee's status at the time he or she files the claim is the relevant inquiry in determining whether to proceed under the Wage Payment Statute or the Wage Claims Statute." *Hollis v. Defender Sec. Co.*, 941 N.E.2d at 540. Based upon this determination, we held: "Instead of submitting his claims to the DOL, as required by Wage Claims Statute, [he] improperly filed a complaint based on the Wage Payment Statute. Because [he] did not allege any Wage Claims Statute violations and submit his claims to the DOL, the trial court properly dismissed [his] claims." *Id.*

*Reel* and *Hollis* indicate that the failure to file with the DOL a claim that properly belongs under the Wage Claims Statute divests the trial court of subject-matter jurisdiction. In those cases, however, the ruling under review was a dismissal for want of subject-matter jurisdiction. In this case, we review a grant of summary judgment on grounds that the claim should have been brought under the Wage Claims Statute and therefore that the trial court lacked subject-matter jurisdiction in this action. There is authority for the proposition that a case that should properly have been brought under the Wage Claims Statute, but was not, may be resolved in the manner it was here, i.e., via summary judgment. *See Gavin v. Calcars AB, Inc.*, 938 N.E.2d 1270, 1272 (Ind. Ct. App. 2010) (having determined that the appellant's claim should have been submitted to the DOL, the court stated, "his complaint is barred as a matter of law), *trans. denied. See* Ind.Code § 22–2–9–4. The trial court did not err when it entered summary judgment in favor of [the employer]"). Which approach is appropriate here?

We have received some guidance on this question in *Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979 (Ind. 2005). In *Johnson*, Celebration Fireworks, Inc., a

6

fireworks seller, brought an action against the State Fire Marshal requesting, among other things, a permanent injunction and declaratory judgment to prevent the Fire Marshal from requiring certificates of compliance for each of the seller's alleged "wholesale" locations. The Fire Marshal is charged by statute with the responsibility of regulating the sale of both legal and restricted fireworks, including the issuance of retail sales permits and wholesale certificates of compliance. Pursuant to Ind. Code Ann. § 22-11-14-5 (West, Westlaw through end of 2011 1st Regular Sess.), a wholesaler of restricted fireworks must pay a $1,000 annual fee to operate in Indiana. The Fire Marshal had consistently interpreted this provision to require payment of the $1,000 fee for each wholesale location a fireworks wholesaler operates within the state. By 1994, Celebration Fireworks had opened ninety-six retail locations in the state, and from 1991-94 paid the assessed $1000 fee per location. In 1995, however, Celebration tendered only one fee payment of $1000, designating that payment as pertaining to its central warehouse. Celebration claimed that its retail locations were not "wholesale" locations within the meaning of I.C. § 22-11-14-5 and therefore that it was not required to pay fees with respect to those facilities.

Without seeking available administrative review of the Fire Marshal's interpretation of I.C. § 22-11-14-5, Celebration filed a lawsuit seeking, among other things, (1) a refund for fees it had paid in previous years for all but its central warehouse, (2) permanent injunctive relief; and (3) a declaratory judgment concerning the proper interpretation of I.C. § 22-11-14-5. The trial court issued a temporary restraining order enjoining the Fire Marshal from seizing any fireworks on the basis of Celebration's failure to obtain Certificates of Compliance for each of its locations where restricted fireworks were sold. The State appealed

7

and this court reversed. *See Boatwright v. Celebration Fireworks, Inc.,* 677 N.E.2d 1094 (Ind. Ct. App. 1997). We remanded the case for a resolution of its remaining issues.

On remand, following a bench trial, the trial court entered judgment in favor of Celebration for $302,000. The Fire Marshal and the State appealed the judgment, contending that the trial court had no subject-matter jurisdiction over the matter because Celebration had failed to exhaust its administrative remedies. This court affirmed the judgment on grounds that exhaustion of remedies was not required because compliance would be futile, "and there is doubt as to the availability of an administrative remedy." *Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d at 982. The Supreme Court granted transfer, addressing primarily the question of whether the exhaustion of remedies was required under those circumstances. The court noted its decision in *Indiana Dep't of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d 839 (Ind. 2003) that exhaustion is not required "'[t]o the extent the issue turns on statutory construction, [and] whether an agency possesses jurisdiction over a matter [as that] is a question of law for the courts.'" *Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d at 983 (quoting *Indiana Dept. of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d at 841-42). The Supreme Court determined that this court was incorrect in holding that the Fire Marshal's authority under I.C. § 22-11-14-5 was a question of statutory construction and thus a pure question of law, which relieved Celebration from the obligation to exhaust its administrative remedies. The Supreme Court determined instead that the question of whether Celebration's ninety-six retail locations were "wholesale" locations within the meaning of I.C. § 22-11-14-5 was a question of fact properly resolved through the administrative process. *See Johnson v. Celebration Fireworks, Inc.*, 829 N.E.2d 979. We conclude that the

8

same result obtains here.

The determination of whether, when she filed her complaint in the instant action, Walczak was separated from the payroll by Labor Works within the meaning of the Wage Claims Statute is a question of fact, not a matter of statutory interpretation. *See id.* We also note in support of our decision this court's recent decision in *Outboard Boating Club of Evansville, Inc. v. Indiana State Dep't of Health*, 952 N.E.2d 340 (Ind. Ct. App. 2011). In it, the appellant, a camping facility, argued that it was not subject to the Indiana State Department of Health's (ISDH) jurisdiction over campgrounds and thus that it need not resort to administrative procedures before presenting the question to the court in a lawsuit. We held that there was no abstract question of law concerning the ISDH's general authority to regulate campgrounds. Rather, we observed, the argument against exhaustion was that "the particular facilities at issue are not subject to the ISDH's regulatory jurisdiction over campgrounds. This question of jurisdiction over a particular site is precisely the type of fact sensitive issue the *Twin Eagle* court concluded should be resolved in the first instance by the administrative agency." *Id.* at 345. Similarly, in this case the argument is that the wage claims of Walczak in particular, and perhaps day-laborers as a group,[1] are not subject to the

---

[1] We note in this regard that the parties focused much energy below and in their appellate briefs on the relevance of Walczak's status at Labor Works on the day the instant complaint was filed, i.e., February 1, 2010. If we understand the gist of the arguments, it would appear that Labor Works more or less concedes that if Walczak had filed her complaint on a day that she worked at, and therefore drew a paycheck from, Labor Works, the claim could properly have been filed under the Wage Payment Statute (e.g., Walczak's "status on this date is the dispositive issue before this Court"). *Appellee's Brief* at 21. We find much merit to Walczak's contention that tethering the viability of a claim under the Wage Payment Statute to something as ephemeral as whether a day-laborer worked on a particular day would lead to "absurd result[s]." *Appellant's Brief* at 10. It seems to us that, in view of the purpose of the Wage Claims Statute, day-laborers such as Walczak, whose employment is transitory by definition, can be deemed to be in the category of "separated from the payroll" on *any* given day, regardless of whether they happened to work that day. *See Lemon v. Wishard Health Servs.*, 902 N.E.2d 297, 301 (Ind. Ct. App. 2009) ("[t]he purpose of Indiana Code section 22–

DOL's oversight. We believe that, as in *Outboard Boating Club of Evansville, Inc. v. Indiana State Dep't of Health*, 952 N.E.2d 340, this is precisely the type of fact-sensitive inquiry that should be resolved in the first instance by the administrative agency.

In so holding, we are mindful of the value of requiring the completion of administrative proceedings before resorting to judicial review, viz., (1) avoiding premature litigation; (2) the compilation of an adequate record for judicial review; and (3) utilization of agency expertise in a given field, *see*, *e.g.*, *Indiana Dep't of Envtl. Mgmt. v. Twin Eagle LLC*, 798 N.E.2d at 845 ("Twin Eagle may be correct that the particular waters at issue are not subject to regulation, but the proper forum to address this fact sensitive issue is through the administrative process. We therefore defer to the administrative process to determine whether potentially dispositive factual circumstances exist here"), and (4) affording agencies the opportunity and autonomy to correct their own errors.

We conclude that the question of whether Walczak was involuntarily separated from the payroll within the meaning of the Wage Claims Statute is a question of fact that should have been submitted to the DOL. Therefore, the trial court lacked subject-matter jurisdiction over Walczak's claims until the DOL had made a determination on that question. *See Hollis v. Defender Sec. Co.*, 941 N.E.2d 536 and *Reel v. Clarian Health Partners, Inc.*, 917 N.E.2d 714. Accordingly, we reverse the grant of summary judgment in favor of Labor Works and remand this cause to the trial court with instructions to dismiss Walczak's complaint. *See*

---

2–9–4 … is to create a barrier to claims to be filed in court. The statute makes it clear that a claim must work its way through the proper channels—the DOL and, if need be, the Attorney General—before it may be brought into court"), *trans. denied*.

*Hollis v. Defender Sec. Co.*, 941 N.E.2d 536 and *Reel v. Clarian Health Partners, Inc.*, 917 N.E.2d 714.

Judgment reversed and remanded with instructions.

RILEY, J., and MATHIAS, J., concur.