MAY, Judge,
dissenting.
I believe dismissal of Fox’s wage claim action was correct, and I therefore respectfully dissent. Fox’s case is not factually or legally distinguishable from Quimby v. Becovic Mgmt. Group, Inc., 946 N.E.2d 30, 33-34 (Ind.Ct.App.2011), reh’g denied, trans. denied, and thus Quimby controls. As we stated in Quimby:
Quimby, who voluntarily left her employment, should have brought her claim in court under the Wage Payment statute. Nevertheless, she brought it to the DOL, the DOL accepted it, and the DOL obtained a resolution for her. We decline to hold an employee, regardless of whether or why she is not longer employed by an employer, may bring a claim before the DOL, assign it to the DOL, and then bring the same claim in court if the employee is dissatisfied with the result obtained by the DOL.
*1183 Id. Like Quimby, Fox chose to pursue his wage claim through the Wage Claim statute, and not the Wage Payment statute. That choice had the effect of precluding any future judicial action because he assigned his claim to the DOL and sought a resolution through the DOL.
The amici’s explanation of the DOL’s intent is informative, and its recent changes are a helpful step toward clarifying the procedures by which a voluntarily-separated employee may pursue wage claims. But I do not think Quimby may be distinguished on those grounds. Both Fox and Quimby were voluntarily-separated employees who chose to pursue their claims through the DOL, and the DOL obtained a resolution in both instances. In light of the DOL’s policies and procedures in place at the time of their claims, both parties were, therefore, precluded from a second bite at the proverbial apple.
Based on the foregoing, I respectfully dissent.